## A. B. DICK CO. v. BARNETT.

(Circuit Court of Appeals, Second Circuit. November 16, 1921.)

No. 100.

1. Patents ⬅312(3)—Similarity of results may justify conclusion of infringement of process.

While complainant must demonstrate infringement of patents for a process or product, similarity of result may justify a conclusion of infringement, in the absence of proof that in some respects the secret process used by defendant (though it need not be disclosed) or the resulting product differs from the patented process or product.

2. Patents ⬅298—To justify preliminary injunction, prima facie case, free from reasonable doubt, must be established.

To justify a preliminary injunction in a patent case, complainant has not merely the burden of proof, but must establish a prima facie case, free from reasonable doubt.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the A. B. Dick Company against Louis A. Barnett. From an order granting a preliminary injunction, defendant appeals. Reversed.

E. Clarkson Seward, of New York City, for appellant.

Samuel Owen Edmonds, of New York City (J. Edgar Bull, of New York City, of counsel), for appellee.

Before ROGERS, MANTON, and MACK, Circuit Judges.

MACK, Circuit Judge. This is an appeal from an order of the District Court granting a preliminary injunction against the defendant, a distributor selling "Hesco" stencil paper, which is alleged to be an infringement upon the plaintiff's Fuller patent, No. 1,101,268. This and the other Fuller patent, No. 1,101,269, in suit covered the process and the product of plaintiff's so-called indestructible mimeograph stencil paper "Dermatype." In A. B. Dick Co. v. Underwood Typewriter Co., Inc. (D. C.) 246 Fed. 309 (affirmed by this court without opinion), the validity of these patents was sustained. For the purposes of the motion for preliminary injunction, the validity of patents in suit was properly assumed; the contest was as to infringement.

It is unnecessary for us here to review in detail the nature of the plaintiff's patent and its position in the art, as these were fully considered in the Underwood Case, supra. As the District Judge pointed out, the controversy as to infringement turns on the construction of the claims in suit. Defendant contends that they are limited to a fully and permanently coagulated (insoluble) gelatin, and that the defendant's coating was almost entirely soluble. The affidavits of the experts are in conflict as to the true scope of the claims, as well as to the nature of the plaintiff's process and its resultant product. The District Judge expressly recognized that whether the defendant used "a fully coagulated substance" or "a coagulated collodial substance" or their equivalents, within the meaning of the claims in suit, was a debatable question.

[1, 2] While plaintiff must demonstrate infringement, similarity of result may justify a conclusion of infringement, in the absence of proof that in some respects the secret process (which need not, however, be disclosed) or the resulting product differs from the patented process or product. Philadelphia Rubber W. Co. v. U. S. R. R. Works, 229 Fed. 153, 143 C. C. A. 426; Id. (D. C.) 225 Fed. 789; Badische Anilin v. Klipstein (C. C.) 125 Fed. 559. Here, however, the affidavits of the expert and of the "Hesco" manufacturer (who, though not a formal party, defended the suit), while guarding the secret process, purport to show important differences. Without passing upon their sufficiency, they raise at least a reasonable doubt as to infringement. The District Judge stressed too strongly the failure to disclose the secret process, and thereby, we believe, failed to apply the rule again announced by this court in Cutter Co. v. Metropolitan Electric Mfg. Co., 275 Fed. 158, June 23, 1921, that, to justify a pre-

liminary injunction in a patent case, plaintiff has not merely the burden of proof, but must "establish a prima facie case free from reasonable doubt." For, while ordinarily a preliminary injunction aims to preserve the status quo pending suit, in a patent case like this it may be said to destroy it.

The order of the District Court will be reversed.