**SUMMERHAYS v. SCHEU MFG. CO. et al.**

District Court, S. D. California, Central Division.

Nov. 5, 1930.

J. Calvin Brown, McGee & Robnett, and P. H. Burke, all of Los Angeles, Cal., for plaintiff.

John C. Carpenter, of Chicago, Ill., and Meserve, Mumper, Hughes & Robertson, of Los Angeles, Cal., for defendants.

HAZEL, District Judge.

The principal question in this case is whether infringement of plaintiff's three patents in issue is clearly and definitely shown. As remarked in plaintiff's brief, co-ordination of result, identity of means, and identity of operation must appear, and that defendant's heater operated upon the same principle as plaintiff's and achieved the same result in the same way. On a motion for preliminary injunction, infringement must be clearly and convincingly shown, without leaving in the mind of the court a reasonable doubt in relation thereto. Fuller v. Yentzer, 94 U. S. 288, 24 L. Ed. 103; A. B. Dick Co. v. Barnett (C. C. A.) 277 F. 423. This rule arises from the fact that preliminary injunctions are granted on affidavits without defendant having had an opportunity to cross-examine the affiants, and therefore in many instances would, in effect, constitute determination of the issues before trial. National Cash Register Co. v. Remington Arms Co. (C. C. A.) 286 F. 367. The rule doubtless has application even in cases where, as here, the assignee of the patent and those in privity with him are the asserted infringers of the assigned patent.

When it is attempted to establish infringement prima facie by ex parte affidavits which are met on the part of defendant by contradicting affidavits or by affidavits

tending to show the alleged infringing device is operated upon a different principle from the patents, there naturally arises a query as to whether the court should exercise its discretion in favor of granting a preliminary injunction, or whether it would not be fairer to defer the merits of the defenses until the final hearing. Defendants here insist that plaintiff's structures, as described in the separate patents, and the alleged infringing structure manufactured by defendants, are patentably different in principle. This variance in principle finds amplification in the affidavits submitted on the part of the defendant; for example, Scheu deposes that in patent 1,136,902 the gas is first mixed with air in a separate chamber or mixer and the combustible mixture is then introduced for burning within a perforated stack called a combustion chamber, and that additional air is admitted through the holes of the stack to bring about the burning; while in patents 1,148,803 and 1,594,797 there is another principle of operation. In the latter patents, the affiant says, the oil is gasified and then partly burned in the heater bowl or oil tank and drawn up directly into the combustion chamber of the perforated stack—the perforations extending partly through the length of the stack to enable taking in the air at spaced intervals within the zone of the burning; that the burning is close to the side walls and fire jets extend through the openings. The heater often operated with a multitude of small explosions with the result that the stack became highly heated and prematurely destroyed. Such principle of operation, he declares to be essentially different from the 1929 model, wherein there is provided free openings next to the stack at the bottom, and constitutes a single horizontal plane. These openings he says, are so arranged to enable drawing in cooler air to pass it upward in the stack between the stack and the flame, thus keeping the stack relatively cool and deterring its destruction. It also appears that above the free air openings in the stack in defendant's heater there are no holes and no louvers are used; also that the method of generating the gas in defendant's 1929 model heater is different from the gas generation of the various patents in suit. There are various other differences in means of operating defendant's structure specified by the witness Scheu and by defendant's expert Stokes, which, however, require no detailed mention.

In view of the asserted differentiation in means and functional result, a doubtful question of fact has arisen. Plaintiff's inventions, it must be admitted, are in a crowded field, and, though doubtless prior methods of heating orchards were improved by them, I am disinclined to impart to the involved claims a construction broad enough to include defendant's heater. The first numbered patent has not gone into use, and in all probability is not entitled to pioneer consideration; and the prior art patents bearing upon the state of the art need examination at final hearing before the claims in issue may receive their proper scope.

Since I am not prepared to rule that plaintiffs have convincingly shown that the patents are infringed by defendant's production, the motion for preliminary injunction on all grounds must be denied.