## In re WITHERHEAD et al. *
### Patent Appeal No. 3187.

Court of Customs and Patent Appeals.
Dec. 23, 1933.

GARRETT and LENROOT, Associate Judges, dissenting.

---

Thomas Howe, of New York City, for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

The Examiner in the United States Patent Office denied all of appellants' claims in their application for a patent relating to Christmas tree lighting, on the ground that there was no invention therein over that shown in the prior art. The Board of Appeals affirmed the Examiner, and appeal has been taken to this court.

The application relates to an attachment for use in electrically lighting Christmas trees. The Board of Appeals, in referring to the application, described the alleged invention as follows:

" * * * Such sets as ordinarily supplied comprise eight sockets of small size containing lamps which are connected in series, the two terminals of the series being connected to a plug which will fit an ordinary lighting fixture. In decorating a Christmas tree with such a set it frequently happens that after disposing the lights about a tree it will be found that some portion or portions are not receiving the proper amount of illumination. Under these circumstances it is admitted it has been customary to cut the wires and connect in an additional light or lights with suf-

*Rehearing denied February 5, 1934.

ficient wire so that they may be disposed in the desired location. To avoid this cutting and splicing of wires appellants propose to provide a second series set of lights similar to the first but containing a lesser number of lights and provided terminally with a socket adapted to replace one of the lamps on the original series. By this expedient the extension or attachment may replace any lamp in the original set and extend the illumination to points in proximity to such lamp. It is urged that because of the excess number of lights in the system after the application of such an extension there is considerably less likelihood of a lamp's burning out. * * *"

The appellants claim that their alleged invention is so constructed that it may be attached to any one of the miniature lamp sockets in any set, and that, when so connected, the lights will be arranged in series and may be so placed on the Christmas tree as to be of most advantage; that the use of their device prevents burning out of lamps, since the placing of more lights in the series so divides the electric current as to lessen the amount of current in each lamp. It is claimed by appellants that in the prior art each lamp was necessary to complete the circuit, and that the failure of one of the lights to function broke the circuit and occasioned much loss of time in locating the defect.

Claims 5 to 9, inclusive, being all the claims, were rejected and are now before us for consideration. We think claim 5 is illustrative and is as follows:

"5. An attachment for Christmas tree lighting sets of the type involving a standard connector plug, a conductor connected to the plug and a plurality of miniature bulb-receiving sockets connected in series with the conductor, said attachment including a plug adapted for removable electrical connection with any one of said receiving sockets, a conductor connected with a plug, and a plurality of miniature bulb sockets in series with the last named conductor, the bulb sockets of the attachment and of the Christmas tree lighting set being designed for the reception of similar lamps whereby the attachment provides for an extension of the lighting area of any Christmas tree set in any direction from any one socket of such Christmas tree set, the connection of the attachment to any one socket of the set providing for the connection in series of a number of lighting bulbs in excess of that ordinarily employed with the set to thereby reduce the individual voltage on the employed bulbs."

The references relied upon are: Eckstein, 1,622,708, March 29, 1927; Eckstein et al., 1,722,737, July 30, 1929; Kirschstein, 1,728,-938, September 24, 1929; Seghers, 1,758,982, May 20, 1930.

In affirming the Examiner, the Board of Appeals had the following to say:

" * * * Appellants' extension no doubt increases the utility of the usual Christmas tree lighting set and enables a more uniform distribution of light to be effected. If the reduction of voltage on the individual lights is desirable rather than merely incidental, that could be readily accomplished by adding sockets to the original outfit.

"The Kirschstein patent shows it old to provide illuminating outfits of the type here involved with special sockets into which an additional series of lights may be plugged. The same result is effected in Eckstein 1,722,-737 by providing one special socket into which an additional series may be plugged. Eckstein 1,622,708 provides sockets which are distinct from the lamp sockets. The Seghers patent shows an organization which permits connection in series two lighting outfits.

"It is a common expedient in house-lighting and other similar systems to provide extensions which may be plugged into any lamp socket for the purpose of making illumination available in otherwise poorly illuminated locations. Appellants' attachment is of this general sort. We see nothing inventive in applying this common practice to a system designed particularly for Christmas tree illumination. We are not impressed by the fact that the voltage on the various lights is reduced by the expedient. In our opinion this would ordinarily deter one from adopting it in the particular situation involved. If any considerable movement of lights were carried by the extension, or if more than one extension were used, as might frequently be desirable, the brilliance of the lamps would be reduced beyond a practical value."

Appellants have argued here, at great length, that none of the references shows their arrangement of lights, nor do any of them provide attachments which will accomplish the results which may be accomplished by their alleged invention.

An examination of the references shows this is true, and that appellants' device saves time, inasmuch as it obviates the necessity of cutting wires and making additional connections, or resorting to other expedients where lamps burn out.

We agree, however, with the Board that, in view of the prior art, it did not require invention to accomplish what appellants have accomplished, and that what appellants here claim as inventive is within the skill of the mechanic.

The decision of the Board of Appeals is affirmed.

Affirmed.

GARRETT and LENROOT, Associate Judges, dissent.