## NATIONAL ELECTRIC PRODUCTS CORPORATION v. GROSSMAN.

### No. 374.

Circuit Court of Appeals, Second Circuit.

April 2, 1934.

Mock & Blum, of New York City, for appellant.

John C. Kerr and George F. Des Marais, both of New York City, for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

This suit is for infringement of patent No. 1,687,013, the validity of which we sustained in National Electric Products Corporation v. Circle Flexible Conduit Co., 62 F.(2d) 996, 997. The invention is for improvements in the construction of electric conduits having metallic shields known as armored cables or conduits. Cables theretofore consisted of two or more insulated conductors inclosed in an interlocked covering of insulated material as braided or woven fabric about which the spirally wound metallic shield was placed. There were objections to this construction. To meet the objections, this inventor used, in-

stead of the old braided outer covering, a spirally wound overlapping layer of compressible material about the assembled conductors; the material providing additional protection to the insulated conductors during the operation of cutting the armor and also being adapted to be readily unwound and stripped off the conductors by hand, thus avoiding the use of a knife or other sharp instrument. This compressible material, spirally wound, co-operates in the introduction of the insulated bushing, as is necessary, and provides space between the metallic armor and the insulated conductor for the insertion of the bushing. In other words, the space is provided by unwinding and turning out a few turns of compressible material inside the severed end of the armor. We said in National Electric Products Corp. v. Circle Flexible Conduits Co., supra:

"This new armor bushing cable made under the patent developed protection which the industry was looking for and proved of great utility and benefit. Manufacturers of armored cable thus substantially reduced fire hazard. The utility of the invention was quickly recognized by its universal adoption by electrical contractors and inspectors as this record discloses. It met with the general approval of electrical inspectors throughout the country, and the old type was largely abandoned. Cable manufacturers obtained licenses and paid royalties for the use of the invention. * * * We think there was invention."

■ In the defense interposed here, new prior art was disclosed, namely, a patent to Johnson No. 1,757,049 granted May 6, 1930, on an application filed September 20, 1926. This was not before us in our former consideration of the patent. The Johnson patent shows wires having rubber insulation, a series of helical paper strips wound over the cable wires and the strips are connected by "a nondrying and non-hardening tacky substance having adhesive qualities, such as asphaltum." A flexible metallic armor is applied to the paper. It is claimed that the asphalt does not permanently connect the paper layers, so as to prevent them from being stripped, because it is nondrying, and it is said that the paper strips are not permanently connected with each other. While in the patent in suit there is a bushing and none is provided for in the Johnson patent, affiants say that the use of a rubber bushing was well established commercially as far back as the year 1900. Since the Johnson patent was not cited against the patent in suit and the presumption of validity does not extend beyond the record before the Examiner (Wolfe v. Bedford-Chevrolet Sales Corp. (D. C.) 31 F.(2d) 124), our prior adjudication is not conclusive as to this defendant even on a motion for preliminary injunction, since new issues are raised. Elliott Addressing Machine Co. v. Wallace Addressing Machine Co., 43 F.(2d) 949 (C. C. A. 2); A. B. Dick Co. v. Barnett, 277 F. 423 (C. C. A. 2); Geo. Cutter Co. v. Metropolitan Co., 275 F. 158 (C. C. A. 2). The appellant's argument is that it was not invention in view of Johnson's disclosure to add a bushing as a shield to protect a soft object against a sharp object. Without holding that the Johnson patent anticipates, we think it sufficient to require a trial of the issue, where oral testimony might advise the trier of facts as to its alleged priority and its effect upon the claim of invalidity of the patent.

■ There is sufficient in the evidence offered by the appellant to require a trial of the issue of infringement before injunctive relief be granted. The appellant contends that its product is designed for noninfringing use, and it says that appellee's patent is a tightly compressed paper packing which must be removed to permit the insertion of a bushing, while it is said the appellant's device is used without removing the paper because the bushing is slipped over the paper. There is conflict of evidence on this issue which should be decided after taking testimony. The affidavits submitted by the appellee are not so conclusive as to deny an opportunity to the appellant to prove and establish its claim of noninfringement.

Order reversed.