## NOMA ELECTRIC CORPORATION v. LEO POLLOCK CORPORATION.

### No. 421.

Circuit Court of Appeals, Second Circuit.
May 6, 1935.

Darby & Darby, of New York City (Samuel E. Darby, Jr., and Howard W. Dix, both of New York City, of counsel), for appellant.

Gifford, Scull & Burgess, of New York City (George F. Scull and William F. Wilder, both of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The plaintiff's first patent in suit, No. 1,512,888, granted to Haft under date of October 21, 1924, is for a lighting set of the type known to the trade as a Christmas tree outfit or electric decorative lighting set. It consists of a set of eight miniature lamps connected in series, with lead wires of convenient length connected to the terminals of an attachment plug for insertion into any ordinary outlet socket of a lighting circuit, and a socket connected in multiple with the lead wires of the set and adapted to receive the plug of a similar set. Thus any number of similar sets may be added one to another and each will receive the full voltage of the lighting circuit into which the plug of the first set is inserted.

Prior to Haft, if a Christmas tree outfit was to have more than eight lamps, the practice was to tap the lead wires of each series into a "junction box," the leads of which were connected with the attachment plug. Manufacturers made their outfits with one, two, three, or four "festoons" of eight lamps each; and dealers had to carry in stock all four sizes. Although "extra festoons (ready for connection)" were advertised for sale, their attachment through the junction box would require the skill of one having some knowledge of the electrician's art. Haft's idea of providing each string of lamps in series with a socket connected in multiple with the lead wires and adapted to receive the plug of a similar set made unnecessary the manufacture or carrying in stock of Christmas tree outfits of different sizes and enabled the purchaser without any electrical or mechanical skill to build up an outfit of as many festoons as he might wish to attach to a single source of electrical energy. Haft's practice was promptly adopted and has largely superseded the junction box type of construction in Christmas tree outfits. This success led the court below to sustain the validity of the patent. Such also was the decision in Noma Electric Corporation v. M. Goldman & Co., Inc., 60 F.(2d) 579 (D. C. Conn.).

It is conceded that the series-parallel arrangement of electric circuits was familiar knowledge to electricians long

before Haft. To connect in multiple one series of lights to another was well-known practice in the art of electric lighting. Haft merely changed the particular type of coupling fixture, adopting a standard socket to receive the standard plug of an additional lighting set. The idea had merit in simplifying merchandizing and in serving the convenience of purchasers of Christmas tree lighting sets, but it does not follow that it involved patentable invention. Patents are granted for the discovery of a "new and useful art, machine, manufacture, or composition of matter." 35 USCA § 31. Hence the use of an old apparatus or appliance for a new purpose cannot be the basis for a patent. Powers-Kennedy Contracting Corporation v. Concrete Mixing & Conveying Co., 282 U. S. 175, 186, 51 S. Ct. 95, 75 L. Ed. 278; In re Witherhead, 67 F.(2d) 904, 905 (Cust. & Pat. App.). We are unable to see that Haft did anything more than devote the old socket and plug coupling to a new use, namely, use on a Christmas tree lighting set. No new art or machine or article of manufacture was discovered. For the new use he could obtain no valid patent. The claims in suit (claims 1 and 2) are invalid and no injunction should have been granted on them.

The plaintiff's second patent, No. 1,611,836, awarded to Kulka under date of December 21, 1926, also relates to Christmas tree outfits and has for its object the devising of a simple and efficient means for clamping the miniature lights thereof to the branches of the tree. This is accomplished by providing "a slidable clamping member," which may be a bead of wood or other suitable material, through which pass the wires leading to the socket of a lamp. A branch of the tree can be inserted between the wires just below the socket and the bead can then be pushed up toward the branch so as to clamp it between the wires which fit snugly in the hole of the bead. This patent has not previously been adjudicated. The appellant contends that the Kulka disclosure is too trivial to constitute patentable invention. In view of the patents to Robinson, No. 865,531, and to Smith, No. 1,034,741, covering electric cord adjusters, the argument appears to have merit. In any event, its validity is too doubtful to justify the granting of an injunction pendente lite. See Simson Bros., Inc., v. Blancard & Co., 22 F.(2d) 498 (C. C. A. 2). If the patent is to be upheld at all it should be after a showing that this device solved a "problem" which others had tried in vain to solve. Wood's affidavit expressing his conclusion that the prior devices were unsatisfactory for various reasons is too general to avail for this purpose. Moreover, such an issue should not be tried out on affidavits, but should be reserved for the hearing. See National Electric Products Corporation v. Grossman, 70 F.(2d) 257, 258 (C. C. A. 2); Permutit Co. v. Paige & Jones Chemical Co., 22 F.(2d) 916, 918 (C. C. A. 2).

Accordingly the decree must be modified. The temporary injunction is reversed as to both patents; the bill should be dismissed with respect to the patent to Haft, but may be retained with respect to the patent to Kulka; the denial of the defendant's motion for a preliminary injunction under its counterclaim is affirmed. Costs in this court are awarded to the appellant.