VULCAN SOOT CLEANER CO. v. DIAMOND POWER SPECIALTY CO.

(Circuit Court of Appeals, Sixth Circuit.   November 8, 1916.)

No. 2839.

1. PATENTS ⊚⇒328—INVENTION—SOOT CLEANER FOR STEAM BOILERS.

The Eichelberger patent, No. 705,912, for soot cleaners for steam boilers adapted for use in water tube boilers, is void for lack of invention in view of the prior art.

2. PATENTS ⊚⇒328—INVENTION—BOILER FLUE CLEANER.

The Eichelberger & Hibner patent, No. 987,450, for a boiler flue cleaner for use in fire tube boilers, is void for lack of invention in view of the prior art.

Appeal from the District Court of the United States for the Southern Division of the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Suit in equity by the Vulcan Soot Cleaner Company against the Diamond Power Specialty Company. Decree for defendant as to two patents in suit, and complainant appeals. Affirmed.

The following is the opinion of Tuttle, District Judge:

The complainant herein owns letters patent of the United States No. 705,912, issued July 29, 1902, to W. Eichelberger, for soot cleaners for steam boilers. This is a type of soot blower or soot cleaner adapted for the class of steam boilers known as "water tube." A certain installation of a soot cleaner on a boiler of this class, known herein as the "Fairview pumping station installation," as made by defendant, is alleged by the complainant to infringe this patent.

The complainant also owns United States letters patent No. 885,563, dated June 4, 1907, and United States letters patent No. 987,450, dated March 21, 1911, both issued to W. Eichelberger and E. D. Hibner for boiler flue cleaners or soot cleaners adapted for use with the "fire tube" class of boilers, in contradistinction to the "water tube" boilers referred to in connection with the first-named patent. These two latter patents are further restricted to vertical "fire tube" boilers. They are both alleged to be infringed by a certain construction made by the defendant, as evidenced by a certain exhibit "Blue Print 1–654."

As the device disclosed by the first-named patent and the boiler to which it is applied is entirely distinct from the devices covered by the two second patents and the boilers to which the same are applied, and as the experts for the respective parties and the counsel for the respective parties have referred to these and treated them separately, the same course is herein followed.

United States patent No. 705,912, to W. Eichelberger, provides means for removing deposits of carbon or soot from the interior surface of a boiler, which, if allowed to remain, would deleteriously affect the action of the boiler in the production of steam. The type of boiler on which the device is shown is "water tube," wherein upper headers or steam drums are connected to lower headers and mud drums by water tubes extending between them. The particular boiler which the inventor has chosen to illustrate as one which may be operated upon by his device is known by the trade-name of "Stirling," and the evidence shows that such a boiler may have two or more headers connected to one or more lower headers by sets of water tubes, all so arranged that the gases of combustion are led from the boiler furnace over and between the water tubes to the boiler stack. The inventor, however, does not

restrict his soot cleaner to any particular type of such boiler, but says that it may be used on any one of many other styles of boilers of this class.

At various places in the boiler where space is naturally provided, and where possibly the device will be most effective, rotatable steam pipes or headers are mounted across the spaces or passes of the boiler that are traversed by the gases, and are each provided with means in the form of a handle or hand wheel whereby jet nozzles extending laterally from the pipe may be turned so as to direct jets of steam or air that issue therefrom, against and along and between the various water tubes and parts of the boiler, so that any soot or other foreign material deposited thereon is dislodged. These headers or jet pipes are supplied from a steam line from the boiler itself or from any other source of supply, or an air line from any suitable source of compressed air or the like. In the actual construction of cleaner shown by the patent, there are four headers, two of which are rotatable, a third one either fixed or rotatable, and the fourth fixed; the fixed pipe or pipes therefor discharging the jets only in a predetermined manner. Complainant has declared upon the first two claims of this patent, and these are the only ones considered.

Among the various patents which are relied on by the defense, soot cleaners or blowers are shown mounted on various types of water tube boilers, including the boiler of the patent, all of the same general class, so far as having upper and lower members connected by water tubes are concerned; the cleaners consisting of rotatable jet pipes disposed in and across or along the passes of the boiler, so as to command and sweep the water tubes which connect the upper and lower members of the boilers. Such patents show that it was not by any means new thus to equip boilers with one or more rotatable or fixed multiple jet pipes or headers.

United States patent No. 398,749, to Rice & Volkman, pictures identically the same blower unit construction as the Eichelberger patent, No. 705,912, in the form of a jet pipe having a plurality of lateral jets and means for turning the pipe. In the Clark & King United States patents Nos. 404,825 and 404,344, both issued in 1889, there is seen the general type of boiler, consisting of upper and lower members connected by water tubes, and the same general type of soot cleaner, consisting of rotatable and fixed multiple jet pipes arranged across the passes of the boiler transversely to the water tubes. In these Clark & King patents are statements to the effect that the inventors thereof intended to use as many of these pipes, either fixed or rotatable as were necessary, dependent on the boilers.

In United States patent to Reynolds, No. 485,299 of 1892, there is another disclosure of the use of multiple jet pipes on a boiler of the general class shown in the patent in suit, and in a Stirling patent, No. 407,260, which issued after the Clark & King patents, there is a soot cleaner in the shape of an oscillatory tube having elongated nozzles extended up between the water tubes of a Stirling boiler, to be moved back and forth to command certain portions of the boiler passes. United States patent to Hoxie, No. 585,956, discloses a series of distributing pipes or headers.

It is clear that prior to the Eichelberger patent, No. 705,912, the subject-matter of the claims was disclosed in prior patents which were not cited by the Patent Office. Any one, by the exercise of mechanical adaptability or skill, might arrange these blowers in the manner illustrated in the Eichelberger patent, and do this without the exercise of any inventive skill. It is therefore held that claims 1 and 2 of the patent are invalid.

In patent No. 855,563, to W. Eichelberger and E. D. Hibner, issued June 4, 1907, there is a type of flue cleaner that is usable on boilers of the fire tube type, as distinguished from boilers of the water tube type. Furthermore, this patent, according to the file wrapper and the history of the patent, is limited to the application of such a blower to vertical flue boilers, and as illustrated in the drawings and referred to in the specification of the particular kind known commercially as the "Manning" boiler. The boiler consists primarily of an upright shell having a combustion chamber at the lower end and a smoke box at the upper end, with the intervening water space between the upper and lower flue sheets traversed by closely spaced fire tubes or

flues, through which the gases of combustion pass upwardly to the combustion chamber. In discussing this patent complainant had its expert pass upon claims 2, 3, and 5 as being representative, and for the purposes of this opinion these are the only claims that are considered. The type of blower or cleaner covered by these claims is substantially a horizontal rotatable arm or header, supported at one end by a steam supply pipe that is disposed in the smoke chamber, so as to permit the horizontal arm or header to be swung over the outlet ends of the flues and thereby direct jets down into the flues against the natural draft, from jet openings or nozzles in the lower sides of the horizontal arm, when steam or compressed air is admitted through the supporting feed pipe. By means of a conveniently disposed handle above the fire box, the operator may cause the horizontal arm to traverse or sweep over the entire flue sheet, and hence direct jets into all of the flues.

A number of patents have been cited by the defense as showing this construction applied to boilers that are not provided with vertical flues. For example, Johnson, No. 604,397, shows one type of blower on a horizontal flue boiler discharging into the outlet ends of the flues against the draft. Hodge, No. 720,252, shows a jet pipe that is rotatable and discharges into the horizontal flues or fire tubes, but in a direction with the draft; that is, into the inlet ends of the flues. Another Hodge patent, No. 793,834, discloses the same situation. Prescott, No. 838,898, also shows a rotatable arm discharging into the outlet ends of horizontal flues. Nowhere in the art, however, is shown a blower, either of the multiple jet or single jet type, mounted on a vertical flue boiler to discharge into the outlet ends of the flues. A number of other patents have been cited both in furnaces and in regenerative stoves of different types, the latter being of course in an allied art; but there do not seem to be any disclosures which sustain the defense of nonpatentability. It is held that claims 2, 3, and 5 that have been discussed by the complainant are valid, and are infringed by the defendant's structure shown in "Blue Print 1–654."

Patent No. 987,450, to Eichelberger & Hibner, of March 21, 1911, is substantially for the same flue cleaner as in patent No. 855,563, with the horizontal arms rotatably mounted in the smoke box of an upright boiler of the fire tube or flue tube type, and specifically shown herein as a Manning boiler. In addition to these elements which are shown in the other patents, there is mechanism for turning the horizontal jet arm to sweep the flues, that extends over the top and down the sides of the boiler, so as to operate the jet tube from below.

In view of the fact that it is old in numerous devices, in boiler attachments, and in furnace attachments, to operate flue dampers, steam valves, and other devices from a distance, it cannot be seen that extending operating means from the top of the boiler to a convenient spot constitutes invention. The mechanism set up in claim 1 of the patent (the only claim relied on by the complainant), to wit, "a suitably mounted shaft extending at right angles to the rotative pipe and gearing between the inner end of said shaft and blower arm," is of course old. Means connected to the outer end of such shaft for rotating the same, which might take any form under the terms of the claim, is manifestly disclosed in any one of a number of old and well-known devices. It is therefore held that patent No. 987,450, to Eichelberger & Hibner, is invalid. Because of this conclusion there is no necessity of comparing the structures of the last-discussed patent and of the Manning type blower of the defendant before alluded to.

The bill is therefore dismissed as to patents Nos. 705,912 and 987,450. Patent No. 855,563, is held valid and infringed as to claims 2, 3, and 5. Defendant will pay solicitor's fees and clerk's costs, to be taxed; costs of record before the court to be divided. A decree will be entered accordingly, and referring the matter of profits to a master to ascertain and report.

J. B. Connolly and T. A. Connolly, both of Washington, D. C., for appellant.

C. R. Stickney and Otto Barthel, both of Detroit, Mich., for appellee.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

DENISON, Circuit Judge.   The plaintiff below appeals from so much of the decree as held invalid patent No. 705,912, July 29, 1902, to Eichelberger, for soot cleaners for steam boilers, and patent No. 987,450, to Eichelberger & Hibner, March 21, 1911, for another form of flue cleaner.   The defendant below appealed from that part of the decree which held valid and infringed patent, No. 855,563, to Eichelberger & Hibner, June 4, 1907; but defendant has dismissed this appeal, and the case here involves only the two patents which were held invalid.   As to these, we agree with the reasoning and conclusions of Judge Tuttle in the District Court.

[1] With regard to patent No. 705,912, the substance of the matter is that the revoluble live steam pipe, pierced so as to throw out steam jets radially, and called a steam brush, had long been familiar, and had been placed in the various positions which seemed most suitable for reaching and cleaning that particular disposition of water tubes which each structure presented.   Earlier patents, mentioned by Judge Tuttle and not referred to in the Patent Office, disclosed in combination every element of the claim as applied to a single steam brush; indeed, one earlier patentee, whose drawing shows a series of chambers between water tubes suitable for carrying such a steam brush in each chamber, but discloses it in position in one chamber only, in his specification speaks of this revoluble tube in the plural, and plainly contemplates using as many as necessary.   Eichelberger adopted that type of boiler in which the combustion products passed in a sinuous course through three partially separated chambers, each of which contained water tubes which would need cleaning.   To meet the obvious view that there could be no invention in placing a series of these old pipes in the three respective chambers, where each one operated independently, appellant urges that the three combined produce a new result, in that they sweep along the removed dirt through the sinuous passage and into the stack, and thus operate with each other at the same time to clean the tubes and aid the draft.   We are not called upon to decide whether, if this function were sufficiently disclosed by the patent, it would be a new result, which would support patentability.   The specification says nothing about this operation or this function; but this is not conclusive.   Invention may rest upon a function not described in the specification, or even understood by the patentee, if it is inherent in, and so disclosed, by the device itself.   Goshen v. Bissell (C. C. A. 6) 72 Fed. 67, 74, 19 C. C. A. 13.   The trouble is that Eichelberger's structure, as shown and described, did not possess this capacity.   In two out of the three chambers the major action of the steam jets is against the draft; and the conclusive fact is that the patent shows and relies upon a device for collecting the soot at the bottom of the furnace and removing it therefrom, so that if the invention operated as planned—and in the main it would—the soot could never reach the stack.   The doctrine that patentability may rest upon a nondescribed function and utility

cannot reach a case where the presence of these things, in any substantial degree, is inconsistent with the intended and necessary working of that form of the device which is shown and described.

[2] With regard to patent No. 987,450, the patentees cannot avoid the effect of patent No. 855,463, because they were patentees in that patent also. It had been issued more than three years before the application for the later patent, and it therefore had its place in the prior art, with the same effect upon the state of the art as if it had been issued to others. There was no copendency of applications which could modify the rule.

The decree is affirmed.