VULCAN SOOT CLEANER CO. v. AMOSKEAG MFG. CO. et al.

(Circuit Court of Appeals, First Circuit. November 6 and December 24, 1918.)

No. 1356.

1. PATENTS ⊚⟶297(2)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.
    It is within the discretion of the court to deny a preliminary injunction in an infringement suit, although the validity of the patent has been previously adjudicated.

2. PATENTS ⊚⟶328—VALIDITY AND INFRINGEMENT—BOILER FLUE CLEANER.
    Order denying a preliminary injunction against infringement of the Eichelberg and Hibner patent, No. 855,563, for a boiler flue cleaner, affirmed.

Appeal from the District Court of the United States for the District of New Hampshire; Edgar Aldrich, Judge.

Suit in equity by the Vulcan Soot Cleaner Company against the Amoskeag Manufacturing Company and others. Complainant appeals from order denying preliminary injunction. Appeal dismissed, and case remanded.

Thomas A. Connolly and Joseph B. Connolly, both of Washington, D. C. (Connolly Bros., of Washington, D. C., on the brief), for appellant.

Nathan Heard, of Boston, Mass., for appellees.

Before BINGHAM and JOHNSON, Circuit Judges, and BROWN, District Judge.

BROWN, District Judge. This is an appeal from a decree of the District Court denying a petition for preliminary injunction against infringement of letters patent No. 855,563, June 4, 1907, to Eichelberger & Hibner, assignors to appellant, for boiler flue cleaner.

The patent was held valid by the District Court for the Southern Division of the Eastern District of Michigan, as appears by its opinion printed in Vulcan Soot Cleaner Co. v. Diamond Power Specialty Co., 237 Fed. 818, 151 C. C. A. 60.

[1] One of the grounds assigned by the District Court for its refusal of a preliminary injunction is that the validity of the patent is at issue. The appellant upon its brief contends:

"In the case of an adjudicated patent, there is before the court the decree of a court which establishes the fact of the patent's validity, not only against the original defendant and his privies, but as against the world, and such decree is entitled to the same respect and consideration as it has in the court entering it, and where application is made in another court for a preliminary injunction, *such court has no discretion, but is bound to grant it.*"

With this statement we cannot agree.

While it is a rule of comity, convenience, and expediency that deference shall be paid to the judgment of a co-ordinate tribunal sustaining

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the validity of a patent, its obligation is not imperative. "If it were, the indiscreet action of one court might become a precedent, increasing in weight with each successive adjudication, until the whole country was tied down to an unsound principle." Mast, Foos & Co. v. Stover Mfg. Co., 177 U. S. 485, 488, 489, 20 Sup. Ct. 708, 710 (44 L. Ed. 856). It is the primary duty of every court to dispose of cases according to the law and facts, and this requires that upon an application for the extraordinary remedy of a preliminary injunction a defendant shall have the right to ask for the independent judgment of the court upon a defense of invalidity. "It is only in cases where, in his [the judge's] own mind, there may be a doubt as to the soundness of his views that comity comes in play and suggests a uniformity of ruling to avoid confusion, until a higher court has settled the law."

The extent to which patent questions already adjudicated inter alios will be reconsidered on petition for preliminary injunction must depend largely upon judicial discretion exercised according to the nature and complexity of the case, as well as according to the exigency of the situation.

The record of a judgment sustaining a patent in litigation with others gives rise to a presumption of validity, but does not preclude an examination of the grounds upon which the judgment was rendered, nor the right of a defendant to contend that such judgment is wrong in fact or in law. While a defendant may have to overcome the presumption that a judgment was right, it is in no sense binding upon him. It is argument from an authority which he may question.

[2] In the present case the defendant contends that the patent in suit is invalid because anticipated by other structures applied to horizontal boilers, and that the limitation of the claims to soot cleaners applied to vertical boilers does not avoid anticipation. Ordinarily a mere change in the location of parts co-operating in the same way does not constitute invention, and it is not apparent that the application of plaintiff's soot-cleaning device to a vertical boiler was substantially different from its application to a horizontal boiler. In fact, upon pages 125–127 of the record are illustrations from plaintiff's catalogue showing its soot-cleaner applied to both horizontal and vertical boilers.

In the opinion of the District Court for the Southern Division of the Eastern District of Michigan, printed in 237 Fed. 818, 151 C. C. A. 60, it was said of the prior art cited:

"Nowhere in the art, however, is shown a blower, either of the multiple jet or single jet type, mounted on a vertical flue boiler to discharge into the outlet ends."

So far as we are able to ascertain from this opinion, the prior art was held nonanticipatory because it did not disclose a blower mounted upon a vertical flue boiler as distinguished from a horizontal flue boiler.

The Prescott patent, No. 838,898, is referred to as showing a rotatable arm discharging into the outlet ends of horizontal flues against the draft.

The Alexander patent, No. 848,082, also is the same in principle of operation.

In view of the fact that the opinion in the former case fails to show that the limitation to vertical boilers was sufficient to avoid the defense of anticipation by horizontal constructions, we are of the opinion that although the District Court did not assign that as a ground of decision it would have been a sufficient reason for refusing to regard the validity of the patent as established on a motion for preliminary injunction, and the result reached being right, there is no occasion for our considering the grounds on which the motion was denied.

The defendant urges that the distinction between vertical and horizontal boilers is so obviously without merit, and that as every feature of the plaintiff's device appears in structures having horizontal tubes, we should apply the decision in Mast, Foos & Co. v. Stover Mfg. Co., 177 U. S. 485, 495, 20 Sup. Ct. 708, 44 L. Ed. 856, and dismiss the bill. See, also, Denver v. New York Trust Co., 229 U. S. 123, 136, 33 Sup. Ct. 657, 57 L. Ed. 1101.

Were the case before us upon a final record presenting no more than the present record, we should feel compelled to hold that the patent is anticipated by the prior art structures using horizontal tubes, and did not involve patentable novelty.

We are of the opinion that the appeal must be dismissed with costs to the appellee.

We are further of the opinion that, unless suggestion is made within 10 days that plaintiff desires to present in the District Court further and specified proofs to meet our present findings, our order should also direct the District Court to enter a final decree dismissing the bill, with costs to the defendant.


PER CURIAM. Upon consideration of appellant's suggestion that it desires to present in the District Court further proofs to meet the findings in our opinion, we are of the opinion that we should not direct the District Court to dismiss the bill, but that questions of the relevancy, weight, or sufficiency of the proofs suggested should be passed upon by that court in ordinary course.

The appeal is dismissed, with costs to the appellees, and the case is remanded to the District Court for further proceedings in accordance with law.