## HAYNES STELLITE CO. v. STOODY CO.

### No. 8119.

Circuit Court of Appeals, Ninth Circuit.

Jan. 24, 1938.

Frederick S. Lyon and Leonard S. Lyon, both of Los Angeles, Cal., for appellant.

Fred H. Miller and Charles C. Montgomery, both of Los Angeles, Cal., for appellee.

---

[5] See last paragraph note 3.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

This case was argued and submitted with Mills Alloys, Inc., et al. v. Stoody Company, 9 Cir., 94 F.2d 413, this day decided, to which we will hereinafter refer as the companion case. Both cases involve the validity of patent 1,803,875, issued to W. F. Stoody et al., for a method of facing tools, and for the resulting product. Both cases arose in the District Court of the United States for the Southern District of California and were pending there at the same time. In the companion case, the special master, to whom the case had been referred, held that the patent was valid and infringed as to all the claims there involved. The finding of the master was approved by the court and an interlocutory injunction issued, before the preliminary injunction was ordered in the case at bar.

The application for the preliminary injunction was heard upon affidavits and upon the record in the companion case which contained a review of the prior art publications and patents by the special master. The affidavits on behalf of the defendant set up certain prior art patents and publications, most of which were cited in the companion case. One affidavit was that of Francis W. Maxstadt, a mechanical engineer and expert in metallurgy, who for fifteen years has studied and taught welding by electric arc and oxyacetylene blow pipe. He reviewed the prior art, patents and publications in detail and affirmed therefrom that there was no novelty in the alleged invention.

It is not claimed in this case as it is in the companion case that the Stoody Company is bound by the decision in the welding rod patent case No. 1,757,601, as res judicata. In view of the fact that the decision in the welding rod patent case, Stoody Co. v. Mills Alloys, Inc., 9 Cir., 67 F.2d 807, is not conclusive in this litigation between different parties, and in view of the fact that the prior art cited is not identical in this case and in the companion case, and in view of the fact that in one case we deal with the preliminary injunction wherein the trial court has wide discretion, and in the other with an interlocutory decree and injunction wherein we consider the case de novo, it would be possible to sustain the preliminary injunction in this case while holding the patent invalid and not infringed in the companion case.

We can think of no useful purpose which could be served by sustaining the preliminary injunction in this case where in the companion case we hold invalid the patent upon which the preliminary injunction is based. In our decision in Stoody Co. v. Mills Alloys, Inc., 9 Cir., 67 F.2d 807, supra, we held the welding rod patent invalid. That decision pointed to the invalidity of this patent for as stated in the affidavit of Francis W. Maxstadt herein: "Any skilled operator with an acetylene torch applying the ordinary technic of autogenous welding to the welding rod covered in the Stoody patent, 1,757,601, would inevitably carry out the method claimed in the patent in suit. Accordingly, each of the claims here under consideration is devoid of patentable novelty."

While the lower court based its decision granting a preliminary injunction in large part upon its decision in the companion case, which we have now reversed, we hold that our decision in the welding rod patent case so strongly foreshadowed such a reversal that it was error for the trial court to grant the preliminary injunction herein.

Reversed.