## STOODY CO. v. OSAGE METAL CO., Inc.
## No. 1581.

### Circuit Court of Appeals, Tenth Circuit.
### March 21, 1938.

Fred H. Miller, of Los Angeles, Cal. (V. P. Crowe, of Oklahoma City, Okl., on the brief), for appellant.

Jesse R. Stone, of Houston, Tex. (Lester B. Clark, of Houston, Tex., Catlett & Kerr, of Oklahoma City, Okl., and Andrews, Kelley, Kurth & Campbell, of Houston, Tex., on the brief), for appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

Stoody Company brought this suit against Osage Metal Company, Inc., for alleged infringement of patent No. 1,803,875, and prayed for a temporary and permanent injunction and for damages and profits. The patent was issued May 5, 1931, on an application filed January 30, 1928. It covers a process or method of facing cutting, drilling or boring tools with a layer of metal in which are embedded small pieces of hard material of great wear resisting properties. The soft material in which the hard aggregates are embedded is welded on to the face of the tool by means of an acetylene torch and a hollow welding rod in which the aggregates have been inserted. The welding rod is constructed of mild steel with a considerably lower melting point than the aggregates.

The bill of complaint set up that four suits for infringement of the patent had been commenced in the District Court of the United States for the Southern District of California in one of which an interlocutory decree adjudicating the validity of the patent had been granted and in the others temporary injunctions had been granted.

In answer to a show cause order the defendant in the instant case set up that the patent was void because of anticipation and prior public use and that an appeal had been prosecuted from the interlocutory decree in the California suit to the Circuit Court of Appeals for the Ninth Circuit and is still pending.

In Stoody Company v. Mills Alloys, Inc., 9 Cir., 67 F.2d 807, the court held that the

claims of patent No. 1,757,601 covering the welding rod were void for lack of invention. At the hearing on the application for a temporary injunction in the instant case the defendant urged that the decision holding patent No. 1,757,601 invalid cast doubt on the validity of the patent in suit.

There was no proof of any adjudication of validity other than by the District Court of the United States for the Southern District of California and there was no proof of long public acquiescence in the patent.

After a hearing the trial court denied the preliminary injunction and the plaintiff has appealed.

The decree of adjudication relied on by plaintiff not having been made by the Supreme Court of the United States or the Circuit Court of Appeals for the Tenth Circuit while persuasive was not binding on the trial court.[1]

Before a preliminary injunction should be granted the validity of the patent should appear so clearly and convincingly that there is no doubt thereof.[2]

We are of the opinion that the decision of the Ninth Circuit in Stoody Company v. Mills Alloys, supra, cast much doubt on the validity of the patent in suit,[3] and that the trial court rightfully denied the preliminary injunction.

Furthermore, since the submission in this court of the instant case the Circuit Court of Appeals of the Ninth Circuit has held the patent in suit invalid. In Mills Alloys, Inc., v. Stoody Company, 9 Cir., 94 F.2d 413, the court held that claims 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, and 17 of Patent No. 1,803,875 were invalid for lack of invention and reversed the interlocutory decree relied on by the plaintiff below in the instant case. In Haynes Stellite Company v. Stoody Company, 9 Cir., 94 F.2d 418, the court reversed one of the orders granting a temporary injunction, relied upon by the plaintiff in the instant case. In view of these decisions it is clear now that no temporary injunction should be granted in the instant case.

The decree is accordingly affirmed.

---

[1] Irving-Pitt Mfg. Co. v. Blackwell-Wielandy Book & Stationery Co., 8 Cir., 238 F. 177; Vulcan Soot Cleaner Co. v. Amoskeag Mfg. Co.; 1 Cir., 255 F. 88; Welsbach Light Co. v. Cosmopolitan Incandescent Light Co., 7 Cir., 104 F. 83; Stover Mfg. Co. v. Mast, Foos & Co., 7 Cir., 89 F. 333, 336, 337; Mast, Foos & Co. v. Stover Mfg. Co., 177 U.S. 485, 488, 489, 20 S.Ct. 708, 44 L.Ed. 856.

[2] Simson Bros., Inc., v. Blancard &

Co., Inc., 2 Cir., 22 F.2d 498; A. B. Dick Co. v. Barnett, 2 Cir., 277 F. 423; George Cutter Co. v. Metropolitan Electric Mfg. Co., 2 Cir., 275 F. 158; National Cash Register Co. v. Remington Arms Co., Inc., 3 Cir., 286 F. 367; Flintkote Co. v. Philip Carey Co., 7 Cir., 13 F.2d 850.

[3] See Haynes Stellite Company v. Stoody Company, 9 Cir., 94 F.2d 418.