**STOODY CO. v. CARLETON METALS,**
Inc., et al.
**SAME v. MIKELS et al.**
No. 9150.

Circuit Court of Appeals, Ninth Circuit.

May 8, 1940.

Rehearing Denied June 6, 1940.

Fred H. Miller and Charles C. Montgomery, both of Los Angeles, Cal., for appellant.

Joseph F. Westall, of Los Angeles, Cal. for appellees Carlton Metals, Inc., and Carlton.

David D. Oliphant, Jr., of Oakland, Cal., and John Flam, of Los Angeles, Cal., for appellees Mike and H. A. D. Mikels.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

These appeals are from decrees dismissing the bills of complaint in two patent infringement suits (Nos. 800-Y and 801-Y) in the District Court of the United States for the Southern District of California.

Both suits were brought by appellant, Stoody Company. One (No. 800-Y) was against Carlton Metals, Incorporated, and A. J. Carlton. One (No. 801-Y) was against Enterprise Foundry Corporation, Mike Mikels and H. A. D. Mikels. Enterprise Foundry Corporation consented that

a decree be entered against it, and such a decree was entered. That corporation was not a party to either of the decrees here appealed from and is, of course, not a party to either appeal.

The patent involved is No. 1,803,875, issued to Winston F. Stoody, Shelley M. Stoody and Norman W. Cole on May 5, 1931. The patent was assigned to and is now owned by appellant. The bills did not state which claims of the patent were infringed, but the cases were tried below and argued here upon the theory that claims 5, 6, 7, 10, 11, 12, 13, 14, 15, and 17 were the only ones involved, Appellees (Carlton Metals, Incorporated, A. J. Carlton, Mike Mikels and H. A. D. Mikels) defended on the ground, among others, that these claims were invalid for lack of invention.

The District Court, after hearing the cases, entered interlocutory decrees in favor of appellant. The interlocutory decrees held the ten above mentioned claims valid and infringed, enjoined further infringement and referred the cases to a master for accountings. While the cases were pending before the master, this court, in Mills Alloys v. Stoody Co., 9 Cir., 94 F.2d 413, held the ten above mentioned claims invalid for lack of invention.[1] Thereafter, in the cases at bar, the District Court vacated its interlocutory decrees, granted rehearings, heard further evidence, made and filed findings of fact and conclusions of law, held the claims invalid for lack of invention, and entered final decrees dismissing the bills. These appeals followed.

■ Appellant contends that the District Court erred in granting rehearings and permitting appellees to adduce new evidence. Appellant's brief states that the District Court, "in granting the rehearings seemed to have acted arbitrarily and to have done so merely because of the decisions of this court in the Mills Alloys and Haynes Stellite litigations."[2] The decisions referred to constituted good grounds for the court's action. The action was not arbitrary, but was clearly proper.

■ Appellant (plaintiff in the cases at bar) was plaintiff in the Mills Alloys case, but appellees (defendants in the cases at bar) were not defendants in that case nor parties thereto. Hence, appellant contends, and rightly so, that our decision in the Mills Alloys case was not, as between appellant and appellees, res judicata. Triplett v. Lowell, 297 U.S. 638, 642-644, 56 S.Ct. 645, 80 L.Ed. 949.

■ Appellant further contends that, in the cases at bar, our decision in the Mills Alloys case can have no persuasive effect. In this contention there is no merit. The evidence in these cases does not differ materially from that in the Mills Alloys case. The difference, if any, is as the District Court said in its findings of fact, "quantitative" only. The facts here disclosed are the identical facts which led to our decision in the Mills Alloys case. That decision was right and is now reaffirmed.

Decrees affirmed.

---

[1] See, also, Haynes Stellite Co. v. Stoody Co., 9 Cir., 94 F.2d 418.

[2] Mills Alloys v. Stoody Co., supra; Haynes Stellite Co. v. Stoody Co., supra.