**MARSHALL METAL PRODUCTS, Inc. and The Meyer's Company, Plaintiffs,**

v.

**Elie P. AGHNIDES, Defendant.**

United States District Court, S. D. New York.

Oct. 8, 1953.

See, also, D.C., 126 F.Supp. 850.

Dean, Fairbanks & Hirsch, New York City, for plaintiff.

Pennie, Edmonds, Morton, Barrows & Taylor, New York City, for defendant.

WEINFELD, District Judge.

It is clear that a patentee and a manufacturer charged with infringement are engaged in forum shopping. Joined with them is a retailer, the sole defendant in a prior action brought by the patentee in the Middle District of North Carolina, where the retailer is engaged in business. After the North Carolina action had been pending for three months, the manufacturer, joined by the North Carolina retailer as co-plaintiff, commenced this declaratory judgment action of invalidity. Issue has not yet been joined in this action. The North Carolina action is set for trial five days hence. The North Carolina action is the only pending suit brought by the patentee against a retailer, an affiliate of one of America's largest buying organizations. The agreement by the manufacturer to indemnify the retailer against all expenses incurred in defending the North Carolina action assures a vigorous defense there.

The institution of this suit by the manufacturer and the retailer appears to have been a maneuver upon which to predicate the present motion for a stay of the North Carolina action. Moreover, it is noted that a motion made by the defendant-retailer in the North Carolina action two weeks after the commencement of this suit to stay that action, i. e., the one in North Carolina, until the final determination of this action, was denied. To grant its present motion will result in overcoming the force of that ruling.

In the exercise of discretion the parties are left in their respective positions except that the retailer in the action pending in this district, the sole defendant in the North Carolina action, is stayed from taking any action or proceeding in this suit pending the final determination of the issues by the District Court in North Carolina.

Except as indicated, the respective motions for stays are denied.

Settle order on notice.