### AGHNIDES v. MEYER'S CO.
#### Civ. No. 728.

United States District Court,
M. D. North Carolina,
Greensboro Division.
Jan. 21, 1954.

Brooks, McLendon, Brim & Holderness, Greensboro, N. C., Ely, Frye & Hamilton, Akron, Ohio, of counsel, for plaintiff.

Armistead W. Sapp, Smith, Sapp, Moore & Smith, Greensboro, N. C., for defendant.

HAYES, District Judge.

Plaintiff as inventor and owner of patents Nos. 2,210,846 and 2,316,832 sued the defendant, a retail merchant, for infringement of both patents. The first is the basic patent and the latter is an improvement thereon. The accused devices known as "Air Stream Aerator" sold by defendant were manufactured by Mar-shall Metal Products, Inc., of New York City. This suit was filed in this district March 3, 1953. Answer was filed May 8, 1953.

On June 3, 1953, defendant, the Meyer's Company and Marshall Metal Products, Inc., brought a suit in the Southern District of New York for a declaratory judgment and to restrain this plaintiff from prosecuting the instant case until that Court could determine the validity of the patents in suit here and to declare that the accused devices do not infringe either of the patents in suit.

■ A motion by the Meyer's Company was made on June 19, 1953 in this case to stay this proceeding until the determination of the issues in New York. The motion was denied and on September 30, 1953, defendant served notice on plaintiff that it would rely for its defense on the same six patents in the United States and eight foreign patents as were alleged in the complaint in the New York Case. At the trial here, it was stipulated that the manufacturer would indemnify Meyer's for all costs, damages and counsel fees incurred in defense of this suit. For these reasons, the manufacturer has demonstrated his participation in and control of the defense of this suit and is bound by the decree to the same extent as is the Meyer's Company. Baker-Cammack Hosiery Mills, Inc., v. Davis Co., 4 Cir., 181 F.2d 550, 573; E. I. Du Pont De Nemours & Co. v. Sylvania Industrial Corp., 4 Cir., 122 F.2d 400; Souffront v. La Compagnie Des Sucreries De Porto Rico, 217 U.S. 475, 30 S.Ct. 608, 54 L.Ed. 846.

The patents in suit relate to water aerators which are to be attached to a household faucet and produce a thoroughly aerated stream of water, soft, white and full of millions of tiny air bubbles. The device promptly achieved commercial success, more than 18 million of them having been sold by plaintiff's licensees in the last six years.

The basic patent, 2,210,846, dates back to December 8, 1934, having been filed by plaintiff in Belgium where he then resid-

ed. The application in this country was filed December 31, 1937 as a continuation of one filed December 4, 1935.

The patent shows the basic features of every aerator made and sold by plaintiff's licensees and by every infringer of the patent. It is not to be confused with vacuum pumps and nozzle sprays which characterize the patents relied on by the defense. The essential elements embodied in the patent are (1) a fitting for the delivery end of the faucet having an open chamber therein at the upper end of which is (2) a perforated diaphragm having numerous apertures which discharge a multiplicity of jets of water at high velocity into the chamber. These jets of water are completely surrounded by an open body of air entering the chamber through (3) air ports opening through the walls of the chamber and supplying an unlimited quantity of air to the open jets of water. The jets strike against (4) a resistance consisting of two screens at the discharge end of the chamber. The resistance causes the jets of water in the chamber to break up and imprison vast quantities of air in the form of millions of fine bubbles, so that the water escapes from the chamber not as a spray but as a (5) coherent stream, white, soft and splashless.

█ Claims 1 and 5 are specifically alleged to be infringed. Claim 1 embraces the first four elements and claim 5 is a dependent claim incorporating by reference all of the elements of Claim 1 but specifies that the "means" (i. e., element 4 above) comprises "superposed screens, the screen at the discharge end of the chamber having apertures which are sufficiently close together so that streams of aerated water issuing therefrom immediately join each other to form a single jet." These two claims cover a water aerator comprising the elements outlined and producing the results described by the means above specified. The character of the patent and its commercial success are such as to entitle the inventor to broad claims and to a liberal construction of those which he has made. Morely Sewing Machine Co. v. Lancaster,

129 U.S. 263, 273–277, 9 S.Ct. 299; 32 L. Ed. 715; Eibél Process Co. v. Minnesota & Ontario Paper Co., 261 U.S. 45, 63, 43 S.Ct. 322, 67 L.Ed. 523; Reynolds v. Whitin Mach. Works, 4 Cir., 167 F.2d 78–85.

Patent No. 2,316,832 was filed April 5, 1940, during the pendency of the basic patent. Aghnides discovered two ways to produce a more perfect stream of soft white water by adding a second diaphragm at the upstream side of the aerator and by placing a restricted orifice in the outlet of the faucet. The jets of water enter the chamber in the fitting after having passed through three elements; in the wall of the chamber are the air ports and below the chamber are the three screens which provide the resistance necessary to create a coherent, white, airfilled stream of water.

Claims 2 and 4 substantially embrace claim 1 of the basic patent but claim 2 also calls for "a restricted orifice upstream the apertured diaphragm" and claim 4 calls for "superposed apertured diaphragms at the upstream end of the chamber."

The evidence reveals that Aghnides originated the device described in the two patents which met with universal demand. In a period of approximately four years Chase Brass made and sold 8,109,-457 metal aerators and Firestone made and sold 3,123,951 in rubber construction.

█ Infringement is established beyond doubt. The Marshall "Air Stream" aerator sold by the defendant is so similar in design, construction, elements employed and results produced that there is no distinguishing difference to be detected on minute comparison and is as near a perfect likeness as an infringer would dare go. City of Grafton v. Otis Elevator Co., 4 Cir., 166 F.2d 816–821.

Both patents in suit were allowed only after a hearing and demonstration before the Board of Appeals. The Examiner cited Felten British patent 6,012 of 1909 and British patent to Haismon No. 7,005 of 1913. The Board of Appeals re-

versed the Examiner and allowed the claims, saying: "The patentee (Haismon) desires to obtain a spraying device and the liquid will spread out as it leaves the nozzle. It is clear that this patent contains no disclosure of the construction covered by the appealed claims." In respect to the improvement patent against which the Examiner relied on the basic patent, the Board of Appeals said: "It seems to be the examiner's position that there is no invention in the incorporation of the foraminous member in the structure covered by applicant's co-pending patent. This restriction was used, according to specification, to produce a more regular and softer jet, which character of jet the device was demonstrated to produce. We cannot conclude there is no invention in the novel arrangement." Hutzler Bros. Co. v. Sales Affiliates, 4 Cir., 164 F.2d 260–264.

 The prior art cited by defendant was rejected by the Examiner or the Board of Appeals. The Solomon British patent is a counterpart of the Haismon British patent. The Felten British patent was also considered. The claims of the patents in suit were allowed over them. This indicates invention. Celanese Corp. v. Essley Shirt Co., 2 Cir., 98 F.2d 895. None of the other patents cited approaches the area of the claims as nearly as do Felten and Haismon. It is needless to elaborate on them.

There is no merit whatever in the defense that plaintiff comes with unclean hands for failure to disclose to the Patent Office a former patent to him, No. 1,912,113 for a vacuum pump. There is nothing about a vacuum pump suggestive remotely of an aerator.

The defendant copies the patented device instead of the prior art cited which also shows invention. Hoeltke v. C. M. Kemp Mfg. Co., 4 Cir., 80 F.2d 912–919.

Due consideration has been given to the one District Court of Chicago decision adverse to the basic Aghnides patent on Felten or Solomon patents but we are unable to follow it. Triplett v. Low-

ell, 297 U.S. 638–642, 56 S.Ct. 645, 80 L. Ed. 949; Stoody Co. v. Osage Metal Co., Inc., 10 Cir., 95 F.2d 592–593; Hazeltine Research v. General Electric, 7 Cir., 183 F.2d 3–6.