### TYROLEAN HANDBAG CO.
v.
### EMPRESS HAND BAG, Inc.

United States District Court,
S. D. New York.
March 8, 1954.

E. Seward Stevens, Irving M. Kramer, W. Saxton Seward, New York City, for plaintiff.

Barnett & Barnett, New York City, for defendant.

CONGER, District Judge.

Plaintiff moves for a preliminary injunction (1) restraining defendant from making and selling certain handbags upon the grounds that said handbags infringe plaintiff's Letters Patent No. 2,606,588; and (2) restraining defendant from committing acts of unfair competition.

In support of the application plaintiff files two affidavits and submits various exhibits.

One Herman Slutsky, General Sales Manager of plaintiff, states that Letters Patent No. 2,606,588 were issued on August 12, 1952 to L. Kaufman and assigned by Kaufman to the plaintiff; that plaintiff has extensively promoted the handbags covered by the aforesaid Letters Patent by means of television, written advertising and catalogues; that plaintiff's handbags were featured on television Station WPIX on nine different occasions in the months of August, September and October of an unspecified year (I assume the year is 1953); that the handbags covered by plaintiff's patent were the subject of an editorial in Women's Wear Daily, a trade paper, on August 28, 1953 and that such article informed the trade that plaintiff's handbags were patented; that despite the foregoing, the defendant manufactured handbags which infringed plaintiff's patent and sold them in direct competition with plaintiff and to plaintiff's customers; that on November 25, 1953 plaintiff's attorney notified defendant that its handbags infringed plaintiff's patent; that subsequent to such notice Slutsky visited two shops in New York City selling handbags and purchased two of defendant's article which are submitted as exhibits; that Slutsky knows defendant's handbags are sold in many stores throughout New York City and other cities of the United States many of which stores are customers of plaintiff; that Slutsky has been told by several of plaintiff's customers that they will not purchase plaintiff's handbag because of the cheaper handbag offered by defendant in competition with plaintiff's handbag; that defendant has no license from plaintiff.

Louis Kaufman, a partner in the plaintiff firm and inventor of plaintiff's handbags, states, among other things, that on December 4, 1953, he received a telephone call from a person representing himself to be with the defendant, concerning the notice sent by plaintiff's attorney, asking permission to dispose of defendant's stock on hand of purported infringing handbags; that defendant's continued activity pending trial will cause irreparable damage to plaintiff's business because of the "characteristically" rapid changes in style of feminine attire; that, although plaintiff's product is of a higher quality and directed to a higher priced field than that of defendant, the products are so similar in appearance and the prices are so widely discrepant there is greater appeal for defendant's product than for plaintiff's.

The various exhibits submitted include the Letters Patent, plaintiff's price list, samples of publicity in various publications such as Women's Wear Daily,[1] Esquire Magazine, Handbags & Accessories, an advertisement in Women's Wear Daily of October 30, 1953, a copy of the letter plaintiff's attorney wrote to defendant and two examples each of plaintiff's and defendant's handbags.

The defendant has filed an affidavit of its President, Mr. Grossman, in opposition to the motion, in which he states in substance that he has been engaged in manufacturing ladies' handbags for over 39 years, has been an officer of defendant since 1935, in charge of its production and that his principal duties have been the creating of handbags designs and the improving of constructions therefor which efforts were well received by the trade and contributed greatly to the success of defendant's handbag business; that the present net worth of defendant's business is at least $125,000 and is rated by Dun & Bradstreet at $75,000–$125,000 with "good" credit; that defendant does not now manufacture, never has manufactured, nor intends to manufacture a handbag with an aluminum inner fitted construction as found in plaintiff's handbag, which feature is referred to in plaintiff's advertisement in Women's Wear Daily of October 30, 1953;

1. The article of August 28, 1953 is a news item and not an "editorial".

that defendant's articles do not infringe plaintiff's patent and are not in competition with plaintiff's products, although defendant's are of better value; that defendant believes plaintiff's patented handbags were in public use more than a year prior to the filing of the patent application, which, defendant has been advised, invalidates the Kaufman patent; that a handbag made by plaintiff and closely resembling in appearance the patented handbag appeared in the publication Luggage & Leather Goods in May, 1948, ten months prior to the filing of the Kaufman patent application; that plaintiff's patent is anticipated by several patents and is, therefore, invalid; that defendant has not unfairly competed with plaintiff.

The following patents are submitted as exhibits by defendant:

| | | |
|---|---|---|
| F. W. Schwartz | 268,831 | December 12, 1882 |
| F. R. Johnson | 1,765,726 | June 24, 1930 |
| J. M. Shields | 2,023,978 | December 10, 1935 |
| Lagerholm | 2,173,970 | September 26, 1939 |

A photostat of a page from Luggage and Leather Goods whereon one of plaintiff's handbags is depicted is also submitted by defendant. There is no date on the photostat.

I have related all the details of the supporting and opposing papers in connection with this application to show the lack of substantial basis for arriving at any considered decision on the merits.

Plaintiff asserts that defendant's handbags infringe plaintiff's patent. In a memorandum of law, plaintiff restricts its assertions to claims 1, 3 and 4. Defendant denies infringement and attempts to distinguish its bags by pointing out that it makes no bags with an "aluminum inner fitted construction."

I have read plaintiff's patent and the claims specified. None of the claims requires an aluminum construction.

I have inspected defendant's handbags. With minor variations discernible only upon close inspection, they are duplicates of plaintiff's. A comparison shows that each bag measures 6 inches across the hinged end, 7½ inches along the sides, 8 inches across the top. The dimensions of the handle vary slightly and are attached differently. The hinges are different. The clasps are the same. The bags are constructed precisely the same. In my opinion—and this is based solely on a reading of the claims and an inspection of the bags—defendant's bags read perfectly on plaintiff's claims. Were infringement the only problem I would not hesitate to grant the injunction.

The question of validity is not so easily resolved. The plaintiff's patent is less than two years old and has never been adjudicated. It has the benefit of the presumption of validity, 35 U.S.C. (1952) Section 282, but the defendant has raised certain objections to it.

First, the defendant points to the illustration of one of plaintiff's handbags in the publication Luggage & Leather Goods on May, 1948. This illustrated bag has an appearance somewhat similar to plaintiff's patented bags. Especially noticeable is the rigid frame enclosing the top, bottom and side walls. This latter feature suggests similarity of construction. Although this illustration was published ten months prior to the application for plaintiff's patent, defendant believes it can establish public use more than one year prior to application, which would invalidate the Kaufman patent. See 35 U.S.C. (1952) Section 102(b).

The plaintiff makes no response to all this. Granting that public use ten months prior to application means nothing by itself, I believe the plaintiff should have come forward with some averments and/or proof negating defendant's charge.

Secondly, the defendant asserts the invalidity of plaintiff's patent and submits four patents allegedly anticipating plaintiff's invention. None of the patents submitted were referred to by the Patent Office. Even though the plaintiff did not see fit to submit the references cited by the Patent Office, I would not assume defendant's submissions are more apt. Nevertheless, my study of two of defendant's submissions, Schwartz' purse and Lagerholm's receptacle, are somewhat suggestive of plaintiff's construc-

tion. I arrive at this notion without benefit of any analysis by the parties of plaintiff's patent (except as found in the Letters Patent), defendant's article or the patents submitted. Again plaintiff took no steps to distinguish defendant's citations.

■ It is a general rule that a preliminary injunction will not be granted in a patent case where validity is not clearly shown. Stoody Co. v. Osage Metal Co., 10 Cir., 1938, 95 F.2d 592; Simson Bros., Inc. v. Blancard & Co., Inc., 2 Cir., 1927, 22 F.2d 498.

■ I am not convinced that this patent is clearly valid. Nor am I necessarily predisposed to consider it invalid. I am satisfied, however, from the meager showing made by the plaintiff that a preliminary injunction is not indicated.

■ The foregoing may be joined with the fact that defendant has, without word to the contrary from plaintiff, sworn to its financial responsibility in the event of a recovery by plaintiff. It appears, therefore, that plaintiff will not be irreparably damaged. See Lawrence v. St. Louis, etc., Ry. Co., 1927, 274 U.S. 588, 47 S.Ct. 720, 71 L.Ed. 1219.

■ The plaintiff seeks the present relief also on the basis of a claim for unfair competition.

Paragraph 6 of the complaint reads as follows:

"Defendant has, since the grant of said Letters Patent, and without license from Plaintiff, manufactured and sold Lady's Handbags embodying the patented invention to customers of Plaintiff at a price considerably lower than that charged by Plaintiff, the goods being inferior in quality to those of Plaintiff, whereby Plaintiff is suffering irreparable damage to its reputation and business."

In Yale Electric Corporation v. Robertson, 2 Cir., 1928, 266 F.2d 972, Judge Learned Hand said,

"The law of unfair trade comes down very nearly to this—as judges have repeated again and again—that one merchant shall not divert customers from another by representing what he sells as emanating from the second. This has been, and perhaps even more now is, the whole Law and the Prophets on the subject, though it assumes many guises." 26 F.2d at page 973.

Aside from paragraph 6 of the complaint plaintiff's case consists of this: that plaintiff purchased two of defendant's bags in shops selling such things; that defendant's bags are sold in other stores, many of which are plaintiff's customers; that plaintiff has been told by several of plaintiff's customers that they will not purchase the plaintiff's bags because of the cheaper copy made by defendant.

Plaintiff has failed to prove a case for the relief sought.

I suggest that plaintiff make application for an early trial.

Motion denied.

Settle order.