**MARSHALL METAL PRODUCTS, Inc. and The Meyer's Company, Plaintiffs,**

v.

**Elie P. AGHNIDES, Defendant.**

United States District Court, S. D. New York.

July 30, 1954.

ment of United States Letters Patent Nos. 2,210,846 and 2,316,832.

The action is one for declaratory judgment on the foregoing patents.

The plaintiffs in this action have been described, in a previous memorandum by Judge Weinfeld, D.C., 126 F.Supp. 849, as "forum shopping". I think the same description is equally applicable to defendant.

The defendant Aghnides claims that the foregoing patents issued to him are valid patents. An action brought by him against certain parties, who are not involved in the present suit, for infringement of the first numbered patent in the United States District Court for the Northern District of Illinois resulted in a judgment of invalidity and non-infringement, and the judgment was sustained on appeal by the Court of Appeals for the Seventh Circuit on February 24, 1954. Aghnides v. Goodrie, 210 F.2d 859.

Another action was brought by Aghnides in the United States District Court for the Middle District of North Carolina against The Meyer's Company, a department store (hereinafter called the "department store"), located in that District which charged that certain "Airstream aerators" sold by the department store infringed the aforesaid patents. It appears that the said aerators were, and are, manufactured by plaintiff Marshall Metal Products, Inc. (hereinafter called "Marshall") who had sold them to the aforesaid department store.

Marshall and the department store, sometime thereafter, instituted this action in this Court against Aghnides seeking a declaratory judgment declaring the patents invalid.

The North Carolina action proceeded to trial and judgment was entered for Aghnides against the department store, D.C., 117 F.Supp. 839. In the judgment, the Court also directed:

"5. As will appear by reference to the Court's Findings of Fact, which are incorporated herein, the conduct of the case and defense

Dean, Fairbanks & Hirsch, New York City, for plaintiffs.

Pennie, Edmonds, Morton, Barrows & Taylor, New York City, R. Morton Adams, New York City, T. F. Ready, Jr., New York City, Everett R. Hamilton, Akron, Ohio, of counsel, for defendant.

DAWSON, District Judge.

This is a motion by the defendant for a preliminary injunction to restrain the plaintiff, Marshall Metal Products, Inc., its officers, agents, etc., from infringe-

thereof was in fact directed by Marshall Metal Products, Inc., who have agreed to indemnify the defendant, and to pay all the damages, costs, attorneys' fees and the like which may be incurred by defendant in this case, and that the said Marshall Metal Products, Inc., shall be bound by this Decree in all respects the same as the defendant, The Meyer's Company."

By this motion, Aghnides seeks, in effect, to make the judgment of the North Carolina Court the judgment of this Court, for he now seeks a preliminary injunction restraining Marshall from infringing the patents. He does this on the assertion that the undisputed facts show that Marshall not only paid the fees and expenses of the department store in the North Carolina action, but also had such charge of the defense of the action that it is bound by the result thereof.

■ The Court in North Carolina so held and so indicated in its Findings of Fact, but it is undisputed that Marshall was not a party to that action. It had been invited to appear in the action. It refused, preferring, instead, to institute the present action in New York.[1] Since Marshall was not a party to the North Carolina action, the findings of that Court with reference to its defense of the action are not binding upon it, nor is the injunction decree which has been issued against it res adjudicata. See Minneapolis-Honeywell Regulator Co. v. Thermoco, Inc., 2 Cir., 1941, 116 F.2d 845; Alemite Mfg. Corp. v. Staff, 2 Cir., 1930, 42 F.2d 832.

It is conceded that Marshall held the department store harmless from its fees and expenses in the North Carolina action, and that its attorney gave advice and suggestions to counsel of the department store as to the defense of the

action. This, however, is not sufficient, in and of itself, to establish that it assumed the defense of the action in such way that it would be bound by the outcome. Both parties concede that more than this is necessary to show that Marshall is bound by the decree or the findings in the North Carolina action.

The defendant seeks to establish these additional facts by lengthy affidavits and voluminous copies of correspondence which it claims show, without substantial controversy, that Marshall did actually assume the defense of, and control of, the North Carolina action. Marshall, by affidavits and copies of correspondence, attempts to establish an opposite conclusion.

■ I have read the papers, and I am frank to state that I do not believe that, on the papers submitted on this motion, a determination can be reached with sufficient certainty to warrant the issuance of a preliminary injunction. A preliminary injunction in this situation should not be issued unless the Court can conclude that the essential facts exist without substantial controversy. The issue in this matter is one of fact: Did Marshall in taking the steps which it took in the North Carolina action, and in writing the documents that it wrote, assume the defense of that action? Or did it merely assist in the defense of the North Carolina action by being helpful to counsel to the department store but, at the same time, keep itself sufficiently free from control of that litigation so that it would not be bound by the result? Where such an issue of fact exists, the give and take of oral examination and cross-examination is particularly necessary. I am not convinced from the affidavits and documents presented on this motion that only one reasonable conclusion can be reached. I believe that the issue should be determined at a trial.

Motion denied.

---

1. Aghnides states that he preferred to litigate in North Carolina due to the long delay that would be incident in the case being reached for trial in the calendars of this Court. Marshall indicates that it did not want to litigate the issues in the North Carolina action because the case was coming on before a judge "who invariably sustains patents".