STANDARD PLUNGER ELEVATOR CO. v. STOKES et al.

(Circuit Court of Appeals, Second Circuit.   November 11, 1912.)

No. 106.

PATENTS (§ 328*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION—PLUNGER ELEVATORS.

An order affirmed, which denied a preliminary injunction against infringement of the Larsson patent, No. 963,905, for a plunger elevator, unadjudicated, on the ground that infringement was not shown with sufficient certainty.

Appeal from the District Court of the United States for the Southern District of New York; Julius M. Mayer, Judge.

Suit in equity by the Standard Plunger Elevator Company against William E. D. Stokes and others. From an order denying a preliminary injunction, complainant appeals. Affirmed

For opinion below, see 196 Fed. 47.

This cause comes here upon appeal from an order denying a motion for a preliminary injunction. The suit is the usual one for infringement of United States patent 963,905, for a plunger hydraulic elevator, granted July 12, 1910, to the defendants for an invention made by one of them, Larsson.

C. V. Edwards, of New York City, for appellant.
L. W. Southgate, of New York City, for appellees.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. It is unnecessary to discuss the questions as to title which arise upon the construction of an agreement between the parties. It is not disputed that, although that agreement be construed precisely as complainant contends it should be, defendants are free to show that the device they are making is not within the claims of the patent as the same should be interpreted in view of the prior state of the art.

The improvement relates to certain details of construction of the plunger, the stuffing box through which it moves, and certain guiding

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mechanism at the lower end of the plunger. The patent has never been adjudicated, and there are no unusual considerations to justify making this case an exception to the rule that the complainant must prove a clear case to warrant the issuing of a preliminary injunction. To sustain a charge of infringement against defendant's device, the three claims in controversy would have to be given a broad construction; and this, too, despite the presence in the art of earlier patents in which, apparently, Larsson had found the source of his operative parts. From his study of the case the District Judge reached the conclusion that the inventive thought described in the claims is not employed in defendant's structure. We do not think it necessary to discuss this proposition, because the record at final hearing may be fuller than this one; but we fully concur with the conclusion, also expressed by the District Judge, that, whatever be the result on final hearing, the complainant's contention that defendants' structure infringes is by no means so clear as to warrant the issue of a preliminary injunction on an unadjudicated patent.

The order is affirmed, with costs.