## SIMSON BROS., Inc., v. BLANCARD & CO., Inc.

Circuit Court of Appeals, Second Circuit. November 5, 1927.

No. 143.

1. **Patents** ⟺295—Injunction pendente lite should be granted only when patent is unquestionably valid and infringed.

An injunction pendente lite in a patent suit should not be granted, except when patent is beyond question valid and infringed.'

2. **Patents** ⟺295—Preliminary injunction held improperly granted, in view of evidence of anticipation.

Injunction pendente lite in patent infringement suit *held* improperly granted, in view of evidence tending to show anticipation.

3. **Patents** ⟺121—Parts of pattern, broken from its whole, do not always become patentable.

Every part of any pattern does not become patentable when broken from its whole.

4. **Patents** ⟺313—Dismissal of bill for infringement will be granted only in clear cases.

Dismissal of bill for patent infringement is a drastic remedy, granted only in clear cases.

Appeal from District Court of the United States for the Southern District of New York.

Suit by Simson Bros., Inc., against Blancard & Co., Inc. From an interlocutory decree of injunction pendente lite, defendant appeals. Reversed.

Appeal from an interlocutory decree pendente lite of the District Court for the Southern District of New York, enjoining the defendant from infringing design patent 70,-242, for a jewelry setting.

The patent, which is for a square setting for jewelry, was applied for on November 27, 1925, and was granted on May 25, 1926. It is as follows:

 

The defendant by affidavits proved the manufacture and sale of several similar settings earlier than the date of application, and the patentee carried back his invention by his own oath and another's to the latter part of 1924. In the prior art the defendant also relied upon certain patents not necessary to describe.

Arthur C. Fraser and Fraser, Myers & Manley, all of New York City (Henry Van Arsdale, of New York City, of counsel), for appellant.

Samuel E. Darby, Jr., and Darby & Darby, all of New York City, for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge. [1, 2] We have often said that an injunction pendente lite in a patent suit should not go except when the patent is beyond question valid and infringed. Newhall v. McCabe, etc., Co., 125 F. 919; Hildreth v. Norton, 159 F. 428; Cutter Co. v. Metropolitan Co., 275 F. 158; A. B. Dick Co. v. Barnett, 277 F. 423. The case at bar is far from being such. Felger's ring, if adequately proved, would be a complete anticipation. That appearing in the Boston Jewelry Manufacturing Company's catalogue and Belais' are anticipations, when viewed in plane. It would take much proof to satisfy us that the difference in elevation between these and the design in suit would be observable to the ordinary eye, though the issue is theoretically open. All questions of the adequacy of the proof of anticipation, as of that of carrying back, must await trial. It is enough now that the outcome is patently doubtful. We omit Rosenthal & Kaplan's ring only because there is no competent proof of it. If it be proved sufficiently, Exhibit 7 leaves nothing for invention; the same is probably true of Exhibit 6 (certainly if the original figure of the disclosure be a limitation upon the claim).

Of the Patent Office art, Soman is likewise sufficient in plane to anticipate, unless the patentee can carry back of it. In elevation we repeat what we said as to Belais and the Boston Jewelry Manufacturing Company's catalogue. Foster, being later than Soman, we pass. As to Heusch, it makes not the slightest difference whether it was used for paste gems or real. In plane it is not so clear an anticipation as those just mentioned, but the issue lies in pais. As it shows no elevation, and apparently has none, the defendant will have to show that in such cases the elevation does not count, as perhaps it does not.

[3] We cannot agree to the argument that these disclosures are not enough, because all but Heusch are of settings in combination with rings. The notion seems to us not to deserve discussion that a new design is created by cutting off the setting from the shank.

Surely every part of any pattern does not become patentable when broken from its whole. At any rate, the contention is plainly untenable in a case where by far the greatest use of the design is in combination with a ring.

[4] The motion to dismiss the bill on this record we deny; it is a drastic remedy, proper only in clear cases. True, the probabilities are against the patent. Apparently, the design appeared shortly after the need arose, and, if the first at all, was at once followed by a number of independent replicas. Such a history of the art makes a poor showing for invention, and history is our chief reliance. The plaintiff may be able to carry back of the proved prior art and of the patent to Soman. Possibly he may distinguish as against Heusch and such of the rest as he cannot anticipate. Novelty, like infringement, is largely a trade question in design patents, and we are disposed to leave to the plaintiff the benefit of the doubt.

Decree reversed.