## PACKARD PAPER BOX CO. et al. v. O. B. ANDREWS CO.

### No. 2829.

Circuit Court of Appeals, First Circuit.

Nov. 10, 1933.

Harold E. Cole, of Boston, Mass., for appellants.

784

A. M. Austin, of New York City (J. L. Stackpole, of Fish, Richardson & Neave, of Boston, Mass., and Austin & Dix, of New York City, on the brief), for appellee.

Before WILSON, MORTON, and ANDERSON, Circuit Judges.

MORTON, Circuit Judge.

This is an appeal by the defendants below from an order granting a preliminary injunction against them in a patent suit. The patents sued on have never been adjudicated, although certain consent decrees have been entered upon some of them.

A motion for preliminary injunction is grounded on facts. It presents a question which, although interlocutory, is regarded as of sufficient importance to be appealable by the losing party. In the memorandum of decision by the District Judge it is said that, assuming that the claims in suit should be limited as the defendants contend, "there still would be, in my opinion, very serious doubts whether the defendants can escape the charge of infringement. Moreover, I fail to see how they could be limited without an inquiry into the prior art and the records of the patent office. Whether the patent was invalid by reason of anticipation or want of invention are questions which cannot be properly determined until final hearing. * * * The prior patents cited by the defendants are inadequate to establish anticipation of the invention covered by the patent [sic] in suit." There was no finding by him, either that infringement was clear, or that the patents in suit, or any one of them, appeared to be clearly valid.

■ Upon the state of facts and law which appears from the District Judge's memorandum of decision, no preliminary injunction would ordinarily be issued. American Sulphite Pulp Co. v. Burgess, 103 F. 975 (C. C. N. H.); Standard Plunger El. Co. v. Stokes (C. C. A. 2) 200 F. 770, affirming (D. C.) 196 F. 47; Newhall v. McCabe Hanger Mfg. Co., 125 F. 919 (C. C. A. 2); Tropic-Aire v. Jumper (D. C.) 28 F.(2d) 631; Walker on Patents (5th Ed.) §§ 661–663. There is doubt, which he recognizes, both as to the validity of the patents and claims in suit if so construed as to cover the defendants' device, and as to infringement, if the patents be otherwise construed. There was some public acquiescence, but by no means sufficient to overcome these doubts. While the granting or withholding of a preliminary injunction rests largely in the discretion of the trial judge, it is well settled that ordinarily it ought not to be granted unless the plaintiff's probable right to relief appears clear. (Cases supra.) The mere fact that the grant of an injunction will occasion less harm to the defendant than the refusal of it will occasion to the plaintiff, while of course a circumstance to be considered, is by no means decisive, as was expressly held in International Register Co. v. Recording Fare Register Co., 151 F. 199, 202 (C. C. A. 2).

■ There may be cases in which the defendant's acts, if permitted to continue, will be so permanently disastrous to the plaintiff and will so outweigh the loss to the defendant occasioned by a temporary injunction, that such an injunction may properly be granted even upon an unadjudicated patent of doubtful validity. City of Grand Rapids v. Warren Bros. Co., 196 F. 892 (C. C. A. 6). The patent carries a presumption of validity which justifies such action. But if, in addition to doubt as to validity, there is room for doubt as to infringement, only the most extreme and unusual hardship to the plaintiff, if the defendant be not enjoined, justifies a temporary injunction. Standard Plunger El. Co. v. Stokes, supra. The present case is not of that character.

■ The defendants suggest that on the record before us the bill should be dismissed upon the ground that it clearly appears from the proofs now before the court that the plaintiff's case is unmeritorious. In this connection we are asked to consider certain alleged prior patents alleged copies of which are attached to the defendants' motion to dismiss the bill. Whether the patents and claims sued on, if so construed as to cover the defendants' device, are valid appears to be a close question. We intimate no opinion upon it. This being so the bill ought not to be dismissed at this stage in the proceedings.

The order granting a preliminary injunction must be vacated and the injunction dissolved. The order denying the motion to dismiss was right and is affirmed.

The decree of the District Court is reversed and the case is remanded to that court for further proceedings not inconsistent with this opinion. The appellants recover costs of appeal.