## MOSSBERG PRESSED STEEL CORPORATION v. CHACE.

### No. 228.

District Court, D. Massachusetts.

Sept. 27, 1939.

Herbert B. Barlow, of Providence, R. I., for plaintiff.

John Eddy Chace, pro se.

FORD, District Judge.

This is a patent infringement suit involving a carrier for a braiding machine. The defendant in his answer to the plaintiff's complaint denied infringement; and that the plaintiff was the original inventor of the invention described in the patent and was not entitled to the patent in suit.

The plaintiff filed a motion for a preliminary injunction seeking to restrain the defendant from infringing its patent.

A hearing on the motion was had on September 13, 1939 and the Court had before it the pleadings and affidavits attached to the motion, together with an affidavit of the defendant. No oral evidence was presented. Statements by counsel for the plaintiff and by the defendant, in his own behalf, were received concerning the various contentions of the parties.

The defendant bases his defense of invalidity and non-infringement on an expired patent dated February 25, 1919, No. 1,295,-565, and issued to one Frank Mossberg, the applicant for the patent in suit, which is No. 1,479,397, and dated January 1, 1924. It may be noted that the patent in suit will soon expire.

Because of the opposite contentions of the parties to this suit, it is not possible at this preliminary hearing to find justification for the issuance of a preliminary injunction. A full hearing on the whole case seems necessary before a complete understanding can be had to take decisive action in view of the fact that on the matters presented and which have been considered, I cannot, with any degree of definiteness, decide that there is an undeniable validity and infringement of the patent in suit, which usually would justify the issuance of a preliminary injunction. Also, the amount finally to be involved in the event the plaintiff is successful in its suit will not be unduly large and it has not been proved to my satisfaction that the defendant will be unable to respond in money damages.

The motion for a preliminary injunction is denied.

It may be, in view of the fact that the expiration date of the patent is near, that this is a case which would warrant the Court in advancing for a speedy trial.