## McBEE CO. v. LEAVITT.
### No. 1421.

District Court, D. Massachusetts.
Sept. 8, 1941.

Harry Lee Dodson, of New York City, and William Gates, Jr., and Roberts, Cushman & Woodberry, all of Boston, Mass., for plaintiff.

Harold E. Cole, of Boston, Mass., for defendant.

FORD, District Judge.

This cause came on before me on August 4, 1941, on an order to show cause why a preliminary injunction should not issue to restrain the defendant from infringing United States Patent No. 1,544,172, issued June 30, 1925, which is the subject of the suit. The case was heard upon the verified complaint, exhibits attached thereto, affidavits and counter affidavits filed by the parties. Oral and documentary evidence including prior patents was received and the matter was fully argued by counsel. The evidence adduced at the hearing was voluminous and its consideration demanded much time before a conclusion could be reached. Although both parties presented practically all the evidence that would ordinarily be presented at a trial on the merits, this memorandum is necessarily confined to the exercise of the court's discretion in issuing or refusing to issue a preliminary injunction. No attempt is made to consider all the principles of law advanced by the defendant that may or may not result in a judgment in his favor in a trial on the merits.

The Facts.

1. The plaintiff is a corporation of the State of Ohio and the defendant a citizen of the Commonwealth of Massachusetts with his place of business in the City of Boston.

2. The plaintiff is the owner of the patent in suit.

3. The defendant is engaged in the manufacture of cards and printed forms either as a subcontractor or a manufacturer himself.

4. The patentee claims the following to be his invention: A stack of cards each of which is provided adjacent an edge with a plurality of perforations every perforation so disposed that it may be directly and separately slotted out to the edge of the card, and only those perforations being so cut away as relate to a particular classification desired whereby with the stack positioned that the said cut away edges of the cards are at the top of the stack and on a separating device being passed through corresponding perforations of a number of said cards only those so cut away and pertaining to said classification will remain whilst the others may be removed by said separating device.

5. The plaintiff has an extensive established business, the principal office of which is in Athens, Ohio. It has invested large sums of money in the enterprise and the cards manufactured and sold by it under the patent in suit are known to the trade as "Keysort" cards. In 1939, the plaintiff sold throughout 42 states over 150,000,000 cards. Its output has been used by some of the largest firms in the United States.

6. The patent has been acquiesced in for almost ten years by practically the entire industry in the United States.

7. The validity of the patent in suit has been adjudicated and upheld after a bona fide contest. This adjudication was made in the case of McBee Company v. Rembold, Equity No. 4143–R, D.C.N.D. Cal. So. Div.[1]

8. The defendant is about to sell to the Commonwealth of Massachusetts, for which the plaintiff has already installed a "Keysort" system, cards substantially identical with the cards manufactured by the plaintiff under the patent in suit and substantially similar to the infringing cards in the case of McBee Company v. Rembold, supra.

9. The total amount of the order for the cards to be furnished by the defendant to the Commonwealth of Massachusetts is $3,622. The defendant has no further orders for cards, nor does he expect any, and he does not anticipate supplying any further cards to the Commonwealth of Massachusetts until the year 1942.

10. The patent in suit will expire in 1942.

### Conclusions of Law.

The court in the case of Underfeed Stoker Co. of America v. Riley et al., D. C. Mass., 207 F. 963, 966, stated: "* * * it should also be borne in mind that when a patent has been sustained after a thorough defense by competent and diligent counsel, and when the defendants' structure is substantially like that involved in the former litigation in essential particulars, the complainant should be given the benefit of such adjudication on an application for preliminary injunction, * * *."

This rule is applicable in the present case wherein the following facts appear:

The patent has been adjudged valid after a thorough defense by diligent counsel; the card the defendant proposes to furnish the Commonwealth of Massachusetts is substantially the same as that involved in that litigation; the plaintiff is a large manufacturer and the defendant, a small dealer, has only the one small order involved; and the patent is to expire within a year.

The patent in suit is presumptively valid and the adjudication in California with the additional consideration that the public has acquiesced in it adds weight to that presumption. Further, the question of infringement is not doubtful; on the contrary, it is reasonably apparent.

The circumstances surrounding this case warrant the court in executing its discretion in arriving at the conclusion that a preliminary injunction should issue in accordance with the prayer in the plaintiff's complaint upon the plaintiff giving security in the sum of fifteen hundred (1500) dollars in accordance with the provisions of Rule 65, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

---

[1] No opinion for publication.