## LEAVITT v. McBEE CO.
### No. 3723.

Circuit Court of Appeals, First Circuit.

Jan. 13, 1942.

---

only those perforations being so cut away as relate to a particular classification desired whereby with the stack positioned that the said cut away edges of the cards are at the top of the stack and on a separating device being passed through corresponding perforations of a number of said cards only those so cut away and pertaining to said classification will remain whilst the others may be removed by said separating device."

Should the preliminary injunction have been granted? In Simson Bros., Inc., v. Blancard & Co., Inc., 2 Cir., 1927, 22 F. 2d 498, 499, the court said: "We have often said that an injunction pendente lite in a patent suit should not go except when the patent is beyond question valid and infringed." The same rule was laid down in Packard Paper Co. v. O. B. Andrews Co., 1 Cir., 1933, 67 F.2d 783. Both parties to this suit concede that this is the rule, and the text-writers are agreed that it is the law. Robinson on Patents, § 1173 et seq.; 3 Walker on Patents (Seller's Ed.) § 773. In view of Leeds & Catlin Co. v. Victor Talking Machine Co., 1909, 213 U.S. 301, 29 S.Ct. 495, 53 L.Ed. 805, and Fireball Gas Tank & Illuminating Co. v. Commercial Acetylene Co. and Prest-O-Lite Co., 1915, 239 U.S. 156, 36 S.Ct. 86, 60 L.Ed. 191, both of which held there was no abuse of discretion in the granting of a preliminary injunction, this rule might be questioned. In the Leeds & Catlin case it is said at page 311, of 213 U.S., at page 497 of 29 S.Ct., 53 L.Ed. 805: "The court did not pass on the defense of infringement * * *," and at page 312 of 213 U.S., at page 498 of 29 S.Ct., 53 L.Ed. 805: "* * * we may pass the defenses of anticipation, whether complete or partial, and the defense of infringement." In the Fireball Gas Tank case the court said, at page 168 of 239 U.S., at page 90 of 36 S.Ct., 60 L. Ed. 191: "Whether it has patentable novelty is another question. And a serious question it is", and at page 169 of 239 U. S., at page 91 of 36 S.Ct., 60 L.Ed. 191: "The questions are seriously disputable * * *." The precise meaning of these statements and the particular bearing which the Supreme Court meant them to have on the cases before it are very difficult to determine. In the absence of a clear statement by the court on the matter here in question, we adhere to the rule laid down in this and the second circuit. We hold that a preliminary injunction should

Harold E. Cole, of Boston, Mass., for appellant.

Harry Lea Dodson, of New York City (William Gates, Jr., and Roberts, Cushman & Woodberry, all of Boston, Mass., on the brief), for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

MAHONEY, Circuit Judge.

The plaintiff, owner of Letters Patent 1,544,172, filed a complaint in the District Court demanding a preliminary and final injunction against infringement of the patent by the defendant. There was a motion to dismiss the complaint because it alleged threatened infringement rather than actual infringement. The defendant also argued for the dismissal of the complaint on the ground that "said Letters Patent does not cover cards manufactured by the plaintiff under said Letters Patent, and because the patented construction cannot be embodied in a card inasmuch as the claim calls for a stack of cards." He also presented several reasons why the preliminary injunction should not be granted. The District Court denied the motion to dismiss the complaint and granted the preliminary injunction. The defendant has appealed both rulings.

The claim of the patent in suit follows: "A stack of cards each of which is provided adjacent an edge with a plurality of perforations every perforation so disposed that it may be directly and separately slotted out to the edge of the card, and

not be issued in the absence of a clear showing of infringement.

It is necessary to determine the grounds on which the preliminary injunction was granted in this case by the district judge. It is a fair interpretation of his memorandum of decision to say that the preliminary injunction was issued on the basis that the validity of the patent for the purposes of an injunction pendente lite was established by public acquiescence and a prior adjudication in McBee Co. v. Rembold,[1] Equity No. 4143-R in the United States District Court for the Northern District of California, Southern Division, and that infringement was "reasonably apparent" because the defendant's cards were substantially similar to the plaintiff's cards and the infringing cards in the prior adjudication. Finding that ownership, presumptive validity and infringement were clear, the District Court issued the preliminary injunction in accordance with what is apparently the established rule.

The defendant argues that it does not suffice for the district court to say that the California adjudication has settled the question of the validity of the patent. It urges that it is necessary also to answer the underlying question: What is the scope of the patent whose validity has been upheld? He maintains that the most that can be said for the California case on the latter question is that it held that the claim of the patent in suit covers a slotted or notched card. He adds that there has been no adjudication that the patent covers an unslotted or unnotched card, so that the District Court here must necessarily consider the scope of the claim before it can hold that it is "reasonably apparent" that the defendant's unnotched card in this suit infringes. The defendant concludes that since the court refused to consider this underlying question which is absolutely essential to any finding of infringement, the granting of the preliminary injunction by the trial court constituted error.

We hold that the District Judge did commit error and that the preliminary injunction, therefore, must be dissolved. It is obvious that before infringement can be found, the scope of the patent must be known. It clearly appears from the findings of facts and conclusions of law in the

California case that the most it decided with respect to interpretation of the patent was that the claim covered a notched or slotted card. This is definitely shown by the following findings:

"V. That the language of the claim is directed to cards in which perforations are cut-away which relate to a single particular classification."

"VIII. That the language of the claim is directed to a combination of notches which form a pattern which refer to a single designated classification."

"IX. That 'Keysort' cards have a pattern of notches which refer to a single designated classification."

"X. That 'Keysort' cards are illustrated and described in the specification of the Perkins patent[2] No. 1,544,172."

"XXIV. That there is not disclosed in the prior art by any patent introduced in evidence by the defendant a card having a pattern of notches which relate to a single designated classification."

"XXVIII. That by the use of cards having a pattern of notches in their edge which refer to a single designated classification an entirely new result is obtained."

"XXXVI. That 'E-Z Sort' cards have a pattern of notches which refer to a single designated classification."[3]

The California court did no more than hold that the claim of the patent in suit covered a notched card. It would appear to be clear, moreover, that the cards involved in that suit were notched cards, even though Exhibit F in the present case contains no notched cards and even though the affidavit of A. B. Roe for the plaintiff states: "Attached to Exhibit E and marked 'Exhibit F' are some of the many styles of cards which were manufactured and sold by Rembold and which were decreed by the court to be infringements." The California court certainly found that the defendant's cards in that case were notched. Finding XXXVI. Furthermore, the plaintiff did not see fit to introduce in this suit the infringing cards in the California case. At any rate, the California court merely held that the patent covered a notched card. There has been no adjudication that the claim of the patent covers an unnotched card, and a finding of in-

---

[1] No opinion for publication.
[2] The affidavit of A. B. Roe says: "* * * the cards in the drawings of the patent * * * are illustrated and described as being slotted as well as punched."
[3] "E-Z Sort" cards were the defendant's cards in the California case.

fringement is impossible if the patent does not cover an unnotched card. It was said in Thomson-Houston Electric Co. v. Exeter, H. & A. St. Ry. Co., C.C.D.Mass.1901, 110 F. 986, at page 987: "When the complainants go beyond what the courts have decided in prior adjudications, and base their motion * * * upon a new and enlarged construction of the patent, issues are raised not pertinent to a motion for preliminary injunction, and whose determination, properly, should be reserved for final hearing."

It is not necessary for us here to say that a district judge abuses his discretion if he grants a preliminary injunction when it involves a new construction, but we do say that a finding of infringement in this case could not have been made unless it were first ascertained that the scope of the patent was sufficiently broad to cover an unnotched card. We think that the District Judge made no attempt to interpret the claim of the patent in suit so that its scope could be established, but rested his finding of infringement on the ground that the defendant's cards were substantially similar to the plaintiff's cards and the infringing cards in the California suit. There is nothing in the memorandum on the interpretation of the scope of the patent. With respect to infringement, the District Court found: "8. The defendant is about to sell to the Commonwealth of Massachusetts, for which the plaintiff has already installed a 'Keysort' system, cards substantially identical with the cards manufactured by the plaintiff under the patent in suit and substantially similar to the infringing cards in the case of McBee Company v. Rembold, supra." [40 F.Supp. 823, 824.]

This finding is clearly erroneous and must be set aside. Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Apparently, it was rested on Exhibits D and F in this case. Exhibit D is said to contain the plaintiff's cards, and two of them are unnotched and one is notched. Exhibit F is said to contain the Rembold cards and all of these cards are unnotched. It is evident that the District Judge compared the defendant's unnotched cards with the plaintiff's unnotched cards and the unnotched Rembold cards, and since they were identical found infringement. These exhibits alone cannot serve as a basis for a finding of infringement. There has never been an ad-judication that the plaintiff's unnotched cards are covered by the claim of plaintiff's patent. In the California case the court found that the plaintiff's and the defendant's cards were notched. In the absence of any findings that the claim is sufficiently broad to cover unnotched cards, the exhibits in this case are of no worth.

He also rested his finding of validity on public acquiescence. This might raise the question whether the scope of the patentee's claim can be established by public acquiescence. This doctrine usually is invoked only on the question of validity. At any rate, we are not prepared to hold that acquiescence would justify precluding an examination of the exact wording of the claim.

Since the District Court made no effort to determine the scope of the claim of the patent in suit with the result that there was no holding that the claim covered an unnotched card, there was no basis for the finding of infringement by an unnotched card. Consequently, the preliminary injunction was improperly granted.

There remains to be considered the further question whether the District Court committed error in its denial of the motion to dismiss the complaint. Ordinarily, denial of a motion to dismiss is not appealable. But on appeal from an order granting a preliminary injunction in patent cases the reviewing court has the power to dismiss the complaint where it is obvious that the patent is invalid or there is no infringement. Mast, Foos & Co. v. Stover Mfg. Co., 1900, 177 U.S. 485, 20 S.Ct. 708, 44 L.Ed. 856. The defendant's first argument is that the complaint should be dismissed because it merely states that the defendant is about to infringe. It is well settled that a court will enjoin a threatened infringement. Graham Paper Co. v. International Paper Co., 8 Cir., 1931, 46 F. 2d 881, 886. The defendant also argued that the claim of the patent does not cover plaintiff's cards and that the patented construction cannot be embodied in a card inasmuch as the claim calls for a stack of cards. These points are not so clear on the present state of the record that it can be said the District Court committed error in refusing to grant the motion to dismiss.

Since the preliminary injunction must be dissolved, there is no need to consider the other numerous objections made by the defendant in the granting of that injunction.

The judgment of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion; the appellant recovers cost of appeal.