MAYVIEW CORP. et al., Plaintiffs-Counterdefendants-Appellants,

v.

Harvey B. RODSTEIN et al., Defendants-Counterplaintiffs-Appellees.

MAYVIEW CORP. et al., Plaintiffs-Counterdefendants-Appellees,

v.

Harvey B. RODSTEIN et al., Defendants-Counterplaintiffs-Appellants.

Nos. 71–2058, 71–2319.

United States Court of Appeals, Ninth Circuit.

June 19, 1973.

---

7. Mertens, *supra* § 20.161, at 730–31.

Ellsworth R. Roston (argued), William H. Pavitt, Jr., Charles H. Schwartz, Smyth, Roston & Pavitt, Los Angeles, Cal., for Mayview Corp. and others.

Hamer H. Jamieson (argued), Thelma S. Herzig, Herzig & Walsh, Beverly Hills, Cal., for Harvey B. Rodstein and others.

OPINION

Before CARTER and TRASK, Circuit Judges, and BURNS,* District Judge.

JAMES M. CARTER, Circuit Judge:

In No. 71–2058, appellants Mayview Corporation et al. (hereafter Mayview) contest a preliminary injunction granted

---

* Honorable James M. Burns, United States District Judge, District of Oregon, sitting by designation.

by the district court to appellees Harvey B. Rodstein, et al. (hereafter Rodstein) on May 25, 1971. The injunction prohibited Mayview from infringing Rodstein's patent No. 3,563,134 and trademark "RODAC," No. 903,459. The question is whether the trial court applied the proper standard for grant or refusal of a preliminary injunction. We reverse.

In No. 71–2319, Rodstein cross-appeals from alleged refusal of the district court to grant injunctive relief against Mayview's claimed use of identifying numbers from Rodstein's devices. An earlier motion to dismiss the cross-appeal was denied pending hearing on the merits. It appears that the cross-appeal was improperly taken from alleged "failure" of the district court to grant such an injunction, and not from an order "granting, continuing, modifying, refusing or dissolving" an injunction as provided in 28 U.S.C. § 1292(a)(1). However, we dismiss the cross-appeal as not timely taken under Fed.R.App.P. 4(a). The notice of appeal was filed July 16, 1971, more than 14 days after the notice of appeal in No. 71–2058, *supra*, dated June 24, 1971, and more than 30 days after denial of a Rule 52 motion, dated June 10, 1971.

### Facts

Because of our disposition of this case, only a brief statement of facts is necessary. It is of course not to be construed as binding upon remand. Mayview brought suit for declaratory judgment under 28 U.S.C. § 2201 to determine that Rodstein's patent, above mentioned, was invalid. Other claims not material here were joined. Rodstein answered and counter-claimed under 28 U.S.C. § 1338 for patent and trademark infringement, and unfair competition.

After notice and a hearing, the district court on May 14, 1971 entered a minute order granting Rodstein's requested preliminary injunction. Mayview's motion for reconsideration was heard and determined adversely to them on June 7, 1971. Meanwhile, on May 25, the injunction appealed from was entered.

The court requested that Rodstein prepare proposed findings of fact and conclusions of law. This was done, but the court instead prepared its own findings and conclusions, and entered them on June 14, 1971. The proposed findings filed by Rodstein included express findings of the validity of the '134 patent and the infringement of the "RODAC" trademark; those entered by the court did not. After further unsuccessful motions for relief from the injunction and for a stay pending appeal, this court granted a stay on July 27, 1971.

The center of controversy is Rodstein's claimed invention of an in-line, air-operated sander. Rodstein claimed it was an improvement over earlier such sanders in that it was designed and the parts balanced so as to eliminate vibrations that had rendered its predecessors of little commercial utility. Rodstein's patent was a typical combination patent. To be valid it had to produce "unusual or surprising" results. Great A. & P. Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 152, 71 S.Ct. 127, 95 L.Ed. 162 (1950); Regimbal v. Scymansky (9 Cir. 1971), 444 F.2d 333, 338–340; Hewlett-Packard Co. v. Tel-Design, Inc. (9 Cir. 1972), 460 F.2d 625, 629.

Mayview challenges Rodstein's claims on grounds of lack of invention over prior art, and on grounds of noninfringement of both patent and trademark, among others. We are concerned only with the propriety of the preliminary injunction.

### Validity of the Patent

The general rule in equity is that a preliminary injunction will not issue absent a showing of irreparable injury and probable success on the merits. In patent cases a preliminary injunction requires the movant not only to establish irreparable injury, but also to make a special showing of the likelihood that he will prevail on the merits.

This special burden is said to require proof that the validity of the patent has been established beyond question, either by prior adjudication or public acquiescence. Carter-Wallace, Inc. v. Davis-Edwards Pharmacal Corp. (2 Cir. 1971), 443 F.2d 867, 872 & n. 5; Simson Bros., Inc. v. Blancard & Co. (2 Cir. 1927), 22 F.2d 498, 499; Leavitt v. McBee Co., 124 F.2d 938, 939 (1 Cir. 1942); Eli Lilly & Co. v. Generix Drug Sales, Inc. (5 Cir. 1972), 460 F.2d 1096, 1099; Stoody Co. v. Osage Metal Co. (10 Cir. 1938), 95 F.2d 592, 593; *see* Pacific Cage & Screen Co. v. Continental Cage Corp. (9 Cir. 1958), 259 F.2d 87, 88 (per curiam) *(dicta)*; Flintkote Co. v. Philip Carey Co. (7 Cir. 1926), 13 F.2d 850 (per curiam).

However, once validity is established by a showing of public acquiescence or prior adjudication, and infringement is shown, general equitable principles apply to the remaining prerequisites to an injunction.[1]

■ In our case, the district court's findings of fact, set forth in the margin,[2] nowhere mention the validity of Rodstein's patent. Mayview presents many other possible grounds for reversal. We need not reach them because, in our view, the lack of a finding that the patent was valid beyond question is dispositive. *Cf.* Clairol, Inc. v. Gillette Co. (2 Cir. 1968), 389 F.2d 264, 265. There was no showing of public acquiescence,[3] and there appears of record no suggestion of prior adjudication.

The cases do not seem to decide whether any other showing might be sufficient to establish validity in exceptional cases, nor do we do so here. *See* White v. Leanore Frocks, Inc. (2 Cir. 1941), 120 F.2d 113, 114; Bose Corp. v. Linear Design Labs, Inc. (2 Cir. 1972), 467 F.2d 304, 307. Our case is not of that type.

■ The district court attempted to rely upon Ryan v. Ideal Toy Corp. (C.D. Cal.1966), 260 F.Supp. 828, 832, for a "strong probability" test.[4] *See also* Observa-Dome Laboratories, Inc. v. McGraw Hill, Inc. (E.D.Pa.1972), 343 F. Supp. 1030, 1031. While we of course intimate no view of the law in other circuits, we expressly overrule the language

1. Pacific Cage & Screen Co. v. Continental Cage Corp. (9 Cir. 1958), 259 F.2d 87, 88 (per curiam) *(dicta)*; Wilson v. Byron Jackson Co. (9 Cir. 1937), 93 F.2d 572, 574 (equitable estoppel); *see* Kings County Raisin & Fruit Co. v. United States Consol. Seeded Raisin Co. (9 Cir. 1910), 182 F. 59, 61 (prior adjudication); Jensen v. Norton (9 Cir. 1894), 64 F. 662, 664, following Blount v. Societe Anonyme du Filtre Chamberland System Pasteur (6 Cir. 1892), 53 F. 98, 100–102 (public acquiescence); Southern Pacific Co. v. Earl (9 Cir. 1897), 82 F. 690, 691–692, applying Georgia v. Brailsford, 2 U.S. (2 Dall.) 402, 1 L.Ed. 433 (1792). (general equitable rule). *See generally* 2 Deller's Walker on Patents § 185 (1964).

2. The district court found that Rodstein owned the patent and trademark in suit. It then found that "After issuance of the patent . . . and prior to the filing of the complaint herein"—a space of 26 days, we note—Mayview "manufactured, bought, sold and offered for sale and induced others to sell and offer for sale, sanders like [Rodstein's]." The court then made its Finding of Fact No. 10, which states:

"That said sander sold by counterdefendants [Mayview] has been examined by the Court along with the sander produced and sold by counterplaintiffs [Rodstein] and there is a marked similarity between the two products which is hardly accidental. There is a *strong probability* that the sander which is the product of counterdefendants *has infringed* counterplaintiffs patented device in Patent No. 3,563,134." [Emphasis added]

3. The patent in suit was filed February 10, 1969, and issued February 16, 1971, immediately following which this action was begun on March 8, 1971.

4. We mention in passing that even if *Ryan, supra,* had been correctly decided, the district court improperly refused the suggestion in argument before it that the *Ryan* test applied to validity as well as infringement.

of *Ryan, supra,* insofar as it conflicts with our opinion herein. *Ryan,* 260 F. Supp. at 831, distinguished our dicta in *Pacific Cage, supra,* 259 F.2d at 88,[5] on grounds that the presumption of validity given to patents by 35 U.S.C. § 282 and case law was controlling, citing Radio Corp. of America v. Radio Engineering Laboratories, Inc., 293 U.S. 1, 55 S.Ct. 928, 79 L.Ed. 163 (1934), and Mumm v. Jacob E. Decker & Sons, 301 U.S. 168, 171, 57 S.Ct. 675, 81 L.Ed. 983 (1937). We disagree. Neither Supreme Court case involved grant or denial of a *preliminary* injunction. *See Carter-Wallace, Inc., supra,* 443 F.2d at 872 n. 5. The presumption of validity is too slim a reed to support a preliminary injunction in a patent case.

▆▆▆ Moreover, the presumption of validity afforded to patents is not conclusive, but exists simply to give the grant substance and value. Westinghouse Elec. & Mfg. Co. v. Formica Insulation Co., 266 U.S. 342, 348, 45 S.Ct. 117, 69 L.Ed. 316 (1924). On the question of obviousness against the prior art, for example, the presumption dissipates when it is shown that the prior art was not brought to the attention of the patent examiners. *Hewlett-Packard Co., supra,* 460 F.2d at 628. The test of validity in combination patent cases is whether elements of existing art have been combined to form an "unusual or surprising" result. *Regimbal, supra,* 444 F.2d at 340. Proper findings under Rule 52(a) are "of the highest importance" to appellate review of the grant or refusal of a preliminary injunction. Mayo v. Lakeland Highlands Canning Co., 309 U.S. 310, 316–317, 60 S.Ct. 517, 84 L.Ed. 774 (1940); *Bose Corp., supra,* 467 F.2d at 311. In the present case, the district court made no finding of any kind as to validity.[6]

Moreover, Rodstein's affidavit appears to admit that all of his claim was "old in the art excepting this new element of balancing the piston and shoe in a single piston straight line sander." On the other hand, the affidavit of Mayview's witness, Sumida, indicates that Sumida, not Rodstein, first balanced the sander. It is also questionable whether the patent represents an advance over prior art. The district court did not resolve these disputes. In view of the lack of findings sufficient to meet the test of validity, "All questions of the adequacy of . . . proof . . . must await trial. It is enough now that the outcome is patently doubtful." *Simson Bros., Inc., supra,* 22 F.2d at 499.

### Trademark Infringement

The findings and conclusions of the district court only incidentally mention the "RODAC" trademark, in stating that it is the property of Rodstein. Nowhere did the court find facts which might form the basis of a preliminary injunction against trademark infringement. *Cf.* Ross-Whitney Corp. v. Smith Kline & French Laboratories (9 Cir. 1953), 207 F.2d 190, 194–195. Everything we have said above with regard to the need for specific findings of fact, applies here. Trademark infringement therefore could not properly support the injunction.

### Unfair competition

▆▆▆ The district court also seemed to rest its decision on the unfair competition tort alleged in the second, third, and fourth counterclaims. Unfortunately, the disputed facts of this claim are only very indefinitely resolved by the court's finding of an "opportunity" for Rodstein's ex-employee, Fisher, to divulge confidential information with which Mayview could produce a sander "strikingly similar" to Rodstein's sander.[7]

---

5. The appeal was dismissed for lack of an adequate record.

6. *See* note 1 *supra.*

7. Finding No. 11 is the court's only reference to purportedly confidential information which Fisher allegedly obtained from Rodstein:

   "Counterdefendant, Irving Fisher, was an employee of and brother-in-law to the principals of the counterplaintiffs [Rodstein] and in such employ-

■ An article may be copied unless covered by a valid patent or copyright. Sears, Roebuck & Co. v. Stiffel Co., 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661 (1964); Compco Corp. v. Day-Brite Lighting, Inc., 376 U.S. 234, 84 S.Ct. 779, 11 L.Ed.2d 669 (1964). Thus to the extent that "copying" is the basis for the district court's injunction, validity of the patent was also in issue, and the failure to find specially on the validity issue is fatal to the injunction. If Rodstein can hurdle these cases, then apparently the decisive test for unfair competition in California is whether the public is likely to be confused as to the source of the goods.[8]

### Conclusion

We have previously held that

"The grant of a preliminary injunction is the exercise of a very far reaching power never to be indulged in except in a case clearly warranting it. . . . [O]n application for preliminary injunction the court is not bound to decide doubtful and difficult questions of law or disputed questions of fact." Dymo Industries, Inc. v. TapePrinter, Inc. (9 Cir. 1964), 326 F.2d 141, 143 (per curiam).

The district court did not and perhaps could not make specific findings which might have resolved the many disputed factual issues herein. So far as we can tell in the absence of such findings, no injunction would have been warranted because of Rodstein's failure to establish that he was clearly entitled to it. We also note that the injunction as granted does not itself "set forth the reasons for its issuance." Fed.R.Civ.P. 65(d). Because of the disputed facts, the matter should proceed to trial on the merits.

At oral argument counsel for both sides advised us that they would be ready for trial within 30 days. The case should be promptly tried, subject only to the cases on the trial court's calendar that are entitled to legal priority.

"We cannot but animadvert upon the waste of time in filing of this appeal. Instead of attempting to try this case upon affidavits as to whether a preliminary injunction should issue . . ., the case should have been disposed of on the merits." Pacific Cage, supra, 259 F.2d at 88.

The district court is directed to set the case for trial at as early a date as possible and to refuse to entertain any further applications for temporary injunctions.

Since our opinion sets aside the preliminary injunction, Rodstein's motion filed April 30, 1973 to vacate the stay of that injunction is moot.

No. 71–2058 is reversed and remanded with directions. The cross-appeal, No. 71–2319, is dismissed as untimely.

---

ment obtained confidential knowledge of the sources of counterplaintiffs products and other information valuable to the business of counterplaintiffs. Said Fisher thereafter left the employment of counterplaintiffs and became associated with counterdefendants [Mayview] and there existed the opportunity for him to divulge said hereinbefore referred to confidential information to counterdefendants and to therefore assist counterdefendants in producing a product strikingly similar to the product of counterplaintiff." Injunctive relief on such grounds should issue only on convincing proof of harm. Mathews Paint Co. v. Seaside Paint & Lacquer Co., 148 Cal.App.2d 168, 175, 306 P.2d 113 (1957). The court's findings reflect no such standard. Rodstein's fourth counterclaim included allegations of appropriation of confidential customer lists and sources of supply; Finding No. 11 apparently refers to this claim. For equitable protection, it generally must be shown that a customer list was in fact a trade secret or confidential information, and not generally known or publicly available. Scavengers Protective Ass'n v. Serv-U-Garbage Co., 218 Cal. 568, 571, 24 P.2d 489 (1933); Mathews Paint Co., supra, 148 Cal.App. 2d at 174, 306 P.2d 113. From the conclusory findings of the district court, we are unable to tell whether such a test was even applied, much less satisfied.

8. Audio Fidelity, Inc. v. High Fidelity Recordings, Inc. (9 Cir. 1960), 283 F.2d 551, 557; see Academy of Motion Picture Arts & Sciences v. Benson, 15 Cal. 2d 685, 104 P.2d 650 (1940); 47 Cal. Jur.2d, Trademarks § 26, at 743 (1959).