NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 28 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIKE SARIEDDINE, | No. 24-6476 |
| Plaintiff - Appellant, | D.C. No. 2:22-cv-02168-DJC-AC |
| v. | |
| CONNECTED INTERNATIONAL INC.; SACRAMENTO COMMUNITY CANNABIS COLLECTIVE; MSTMA INC.; STOCKTON BUSINESS STRATEGIES; CALEB COUNTS; TED LIDIE; TWENTY SIXTY-NINE, LLC, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Daniel J. Calabretta, District Court, Presiding

Argued and Submitted May 16, 2025
San Francisco, California

Before: M. SMITH and BRESS, Circuit Judges, and MORRIS, Chief District
Judge.**

Appellant Mike Sarieddine appeals from an order of the district court denying

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Brian M. Morris, United States Chief District Judge for
the District of Montana, sitting by designation.

his motion for a preliminary injunction in this trademark-infringement case. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), and we affirm.

Because the parties are familiar with the facts and background of this case, we provide only the information necessary to give context to our ruling. Sarieddine owns federal registrations for several alien-themed trademarks for use in connection with vaporizers, electronic cigarettes, and e-liquids. These include the ALIEN VAPE mark, the ALIEN VAPE standard character mark, and the AREA 51 standard character mark. Connected International Inc. (Connected) sells cannabis products, including vaporizers and cannabis e-liquids, under the ALIENLABS mark and the AREA 41 mark. Connected applied for trademark protection for the use of the ALIENLABS mark in connection with some cannabis-related goods, but the United States Patent and Trademark Office (USPTO) refused registration on grounds that the marks were too similar to Sarieddine's senior marks. Notwithstanding the USPTO's decision, Connected marketed a variety of ALIENLABS-marked cannabis products, including vaporizers.

In February 2023, Sarieddine filed the operative First Amended Complaint alleging, *inter alia*, that Connected's use of the ALIENLABS and the AREA 41 marks infringed Sarieddine's registered trademarks. *See* 15 U.S.C. § 1114(1). In July 2024, Sarieddine requested a preliminary injunction. He sought to enjoin the defendants "from any and all use of the ALIENLABS and AREA 41 trademarks in

connection with the advertising, promotion, operation, sales, or provision of any cannabis-related products, including but not limited to, vaping liquids and vaping pens, as well as all related promotional materials, such as apparel." After a hearing, the district court denied the request for a preliminary injunction. Sarieddine appeals.

To be entitled to a preliminary injunction, a movant must establish that "(1) he is likely to succeed on the merits of his claim, (2) he is likely to suffer irreparable harm absent the preliminary injunction, (3) the balance of equities tips in his favor, and (4) a preliminary injunction is in the public interest." *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023). We review the denial of a request for a preliminary injunction for an abuse of discretion. *See Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1123 (9th Cir. 2014).

1.      Sarieddine first argues that the district court's ruling failed to comply with Federal Rule of Civil Procedure 52 because the district court's minute order and oral ruling did not contain sufficient findings of fact and conclusions of law. We disagree. "Proper findings under Rule 52(a) are 'of the highest importance' to appellate review of the grant or refusal of a preliminary injunction." *Mayview Corp. v. Rodstein*, 480 F.2d 714, 718 (9th Cir. 1973) (quoting *Mayo v. Lakeland Highlands Canning Co.*, 309 U.S. 310, 316–17 (1940)). Reversal is not required, however, "unless a full understanding of the question is not possible without the aid of separate findings" because we "may affirm if the findings are sufficiently comprehensive and

pertinent to the issues to provide a basis for decision or if there can be no genuine dispute about the omitted findings." *FTC v. Enforma Nat. Prods., Inc.*, 362 F.3d 1204, 1212 (9th Cir. 2004). Here, the district court's oral ruling provides more than a sufficient basis for appellate review.

2. Sarieddine challenges the district court's ruling that he has not shown a likelihood of success on the merits because, after considering the *Sleekcraft* factors,[1] it was doubtful that he could show a likelihood of consumer confusion. We review the district court's individual *Sleekcraft*-factor findings for clear error. *See Pom Wonderful*, 775 F.3d at 1123.

*First*, Sarieddine argues that the district court erred in finding the marks dissimilar. Importantly, "a court does not consider the similarity of the marks in the abstract, but rather in light of the way the marks are encountered in the marketplace and the circumstances surrounding the purchase." *Perfumebay.com v. eBay, Inc.*, 506 F.3d 1165, 1174 (9th Cir. 2007) (quoting *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1137 (9th Cir. 2006)). Here, the district court did not err, let alone clearly err, in concluding that although the parties' marks have some similarities,

---

[1] The *Sleekcraft* factors are: (1) strength of the protected mark, (2) proximity and relatedness of the goods, (3) type of goods and the degree of consumer care, (4) similarity of the protected mark and the allegedly infringing mark, (5) marketing channel convergence, (6) evidence of actual customer confusion, (7) the defendant's intent in selecting the allegedly infringing mark, and (8) the likelihood of product expansion. *See Pom Wonderful*, 775 F.3d at 1125. But these factors only guide the analysis; it is ultimately the totality of the facts that is dispositive. *See id.*

those similarities were ultimately outweighed by the differences between the marks as encountered by consumers in the marketplace—including the stylized font and coloration in which the ALIENLABS mark appears, which contrasts with the futuristic design of the ALIEN VAPE mark. Contrary to Sarieddine's argument, the fact that he has standard character registrations for some of his marks does not diminish the importance of looking at the marks as they appear in the marketplace rather than in the abstract. *See Pom Wonderful*, 775 F.3d at 1125, 1128 & n.7 (considering similarity of the marks as encountered in the marketplace even though standard character marks were involved). And the district court acted well within its discretion in giving minimal weight to the USPTO's refusal to trademark the ALIENLABS marks. *See Carter-Wallace, Inc. v. Procter & Gamble Co.*, 434 F.2d 794, 801–02 (9th Cir. 1970); 5 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 32:95 (5th ed.), Westlaw (last updated Feb. 2025).[2]

*Second*, Sarieddine argues that the district court erred in weighing the actual-confusion *Sleekcraft* factor. Contrary to Sarieddine's argument, the district court appears to have concluded that this factor was ultimately neutral. But even if it weighed this factor against him, that would not be error because the absence of

---

[2] Sarieddine also assigns error to the district court's failure to consider the similarity of the AREA 41 and AREA 51 products. But Sarieddine barely raised the AREA 41 issue in his motion for a preliminary injunction, and he has not shown clear error in any event—especially given the dearth of images of AREA 41 products in the record.

actual-confusion evidence can be weighed against a party if the circumstances are such that a court would expect there to be actual confusion. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 842–43 (9th Cir. 2002); *Brookfield Commc'ns v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1050 (9th Cir. 1999); *see generally* 3 McCarthy § 23:18. The district court reasonably could have concluded that the minimal evidence of actual confusion, a single misdirected customer message, was probative given that the parties' vaporizer and e-liquid products had coexisted in the market for three years—and other products had co-existed for almost a decade—before the filing of the request for a preliminary injunction.

*Third*, there was no error in the weighing of the *Sleekcraft* factors. Even if the district court concluded that only the similarity-of-the-marks factor weighed in favor of Connected, it could still conclude that Sarieddine was unlikely to be able to show a likelihood of confusion. The *Sleekcraft* factors are fluid and designed only to channel the analysis; the district court is not required to count the *Sleekcraft* factors and mechanically rule in favor of the party that has more factors tilting in its direction. *See Pom Wonderful*, 775 F.3d at 1125, 1132; *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1140 (9th Cir. 2002).

3.      Finally, Sarieddine argues that the district court erred in concluding that he is not likely to experience irreparable harm. The district court did not abuse its discretion. Sarieddine failed to show a likelihood of success on the merits, so he

was not entitled to the statutory presumption of irreparable harm. *See* 15 U.S.C. § 1116(a). Moreover, given the scant evidence of irreparable harm in the record—only a declaration from Sarieddine about his reputation and goodwill and a single instance of customer confusion—the district court did not abuse its discretion in concluding that Sarieddine had failed to show irreparable harm.[3] That is particularly true given Sarieddine's substantial delay in seeking a preliminary injunction; he sought a preliminary injunction more than eighteen months after he first filed suit, more than two years after he first learned of Connected's allegedly infringing marks, and three years after ALIENLABS began producing vaporizers. This undercuts any claim of impending irreparable harm. *See Oakland Trib., Inc. v. Chron. Publ'g Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985); *see generally* 4 McCarthy § 31:32.

**AFFIRMED.**

---

[3] We also reject Sarieddine's argument that the district court legally erred by requiring him to show financial harm. In context, the district court's oral statement indicated only that Sarieddine had not adduced any evidence showing harm, *such as* financial impacts on its business.